**Curtis Ray WARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 01–93–00294–CR, 01–93–00301–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 27, 1994.

Discretionary Review Refused
May 18, 1994.

Turner & Gottlieb, Robert G. Turner, Houston, for appellant.

Michael R Littler, Steve Greene, Anahuac, for appellee.

Before O'CONNOR, PRICE * and WILSON, JJ.

## OPINION

WILSON, Justice.

In this accelerated appeal, appellant Curtis Ray Ward asserts the trial court erred in denying habeas corpus relief. We affirm.

### Factual and procedural background

According to his plea in bar, appellant was stopped and searched by Chambers County authorities on February 13, 1992. The officers found 78 pounds of marihuana in a locked tool box, and seized a radar detector and $2,165 in cash. Appellant was indicted for aggravated possession of marihuana (cause number 7837) and for possession of marihuana on which no tax had been paid (cause number 7838).

On March 16, 1992, John Sharp, Comptroller of Public Accounts, sent appellant a notice of tax due, advising appellant that he owed $109,546.50,[1] as well as a $10,954.65 penalty for failure to pay tax on the marihuana. Appellant made a $250 payment on the amount owed.

The State filed a motion for summary judgment seeking forfeiture of the cash and radar detector seized by the police. Appellant did not contest the motion, and in July 1992, the trial court granted the motion and ordered the $2,165 and the radar detector forfeited to the State of Texas.

On October 28, 1992, appellant filed a plea in bar, and on February 23, 1993, he filed an application for writ of habeas corpus. In both, he asserted that because he "suffered a fine and forfeiture, clearly penal in nature, arising out of the transaction leading to Ap-

plicant's criminal prosecution," prosecution for the charged offenses would subject him to double jeopardy. The trial court denied both motions. Cause numbers 7837 and 7838 are currently pending in the 344th District Court of Chambers County.

### Double jeopardy

In two points of error, appellant asserts he was punished for both offenses when his property was forfeited and the State assessed a tax, and the double jeopardy protections of the United States and Texas Constitutions bar prosecution of the offenses.

■ The double jeopardy clause of the fifth amendment[2] protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). This case involves the third of these protections.

### 1. The relevant cases

Appellant relies upon *Halper*, in which the Supreme Court considered whether and under what circumstances a civil penalty may constitute "punishment" for the purposes of double jeopardy analysis. 490 U.S. at 436, 109 S.Ct. at 1895. In *Halper*, the defendant was convicted for submitting 65 false medical claims to the government for reimbursement, in violation of the criminal false claims statute.[3] His false claims amounted to $585. He was sentenced to two years in prison and fined $5,000. The government then brought a civil action against him under the civil false claims statute[4] for the same conduct. The district court granted summary judgment for the government on the issue of liability, but found the civil penalty for which Halper would be liable—$130,000—violated the double jeopardy clause. 490 U.S. at 437–39, 109

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Marihuana is taxed at a rate of $3.50 a gram. TEX.TAX CODE ANN. § 159.101(b)(2) (Vernon 1992).

2. U.S. CONST. amend. V.

3. 18 U.S.C.A. § 287 (West Supp.1993).

4. 31 U.S.C.A. § 3729 (West Supp.1993).

S.Ct. at 1895–97. The Supreme Court agreed, holding that "under the Double Jeopardy Clause a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not be fairly characterized as remedial, but only as a deterrent or retribution." 490 U.S. at 448–49, 109 S.Ct. at 1902. The Court further provided:

> What we announce now is a rule for the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused. The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.

490 U.S. at 449–50, 109 S.Ct. at 1902. The Court went on to state:

> [T]he only proscription established by our ruling is that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole.

490 U.S. at 451, 109 S.Ct. at 1903. The Court remanded the case to the district court to allow the government to provide an accounting of the costs arising out of Halper's fraud. 490 U.S. at 452, 109 S.Ct. at 1904.

Appellant also relies upon *In re Kurth Ranch*, 986 F.2d 1308 (9th Cir.1993), *cert. granted*, —— U.S. ——, 114 S.Ct. 38, 125 L.Ed.2d 788 (1993), in which the court of appeals found the Montana marijuana tax was unconstitutional as applied against the defendants. *Id.* at 1312. The Kurths were arrested for criminal possession and sale of dangerous drugs. They had been growing large quantities of marihuana on the family ranch. *Id.* at 1309. The State assessed a drug tax of $865,000 against the defendants. The defendants challenged the amount and the legality of the assessment, but their challenge was suspended pending disposition of the criminal charges. The defendants pled guilty and received individual sentences. *Id.* at 1310. The Kurths then filed bankruptcy, and the State filed a proof of claim for the tax with the bankruptcy court. The bankruptcy court found that only $208,105 of the tax was computed in compliance with the statute, but held even this amount violated the double jeopardy clause. *Id.* The Ninth Circuit agreed; it found that *Halper*'s disproportionality analysis applied, but held that because the State "refused to make any showing regarding the costs incurred in eradicating dangerous drugs and their effects," it failed to meet the threshold requirements of *Halper*. *Kurth*, 986 F.2d at 1312. The court therefore found the tax assessment was an impermissible second punishment that violated the double jeopardy clause. *Id.*

One further case, cited by both appellant and the State, is particularly relevant. In *United States v. Sanchez–Escareno*, 950 F.2d 193 (5th Cir.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 123, 121 L.Ed.2d 78 (1992), three defendants who attempted to smuggle marihuana across the Mexican border were assessed large civil penalties. The defendants signed promissory notes, promising to pay the fines, and were indicted for various offenses relating to the drugs. *Id.* at 195–97. The district court dismissed all counts on the basis of double jeopardy, even though none of the defendants paid the penalties and the government had made no attempt to collect on the notes. *Id.* at 197. The court of appeals found it did not matter that the assessment of the civil penalty came before the criminal proceedings, stating, "[T]he *Halper* principle that a civil penalty can be factored into the double jeopardy matrix should apply whether the civil penalty precedes or follows the criminal proceeding." *Id.* at 200. The court held, however, that the execution of the promissory notes, in the absence of a judgment or payment by the defendants, did

not constitute "punishment" under the double jeopardy clause. *Id.* at 201.

## 2. Analysis

Appellant complains that the only evidence offered by the State at his habeas corpus hearing was the affidavit of Wayne Dial, assistant commander of the Chambers County Narcotics Trafficking Task Force, in which Officer Dial stated the current price of one-fourth of an ounce of marihuana was between $30 and $40. The State presented no evidence regarding its costs or damages.[5] Although he does not expressly so state, we presume appellant believes the amount of the tax and forfeiture is disproportionate to the State's costs, particularly in the absence of evidence of the State's damages and costs, and that prosecution for the charged offenses would therefore constitute an impermissible second punishment. In conducting this double jeopardy analysis, we will consider the forfeiture and the tax assessment separately.

### A. Tax assessment

■ The State assessed a tax and penalty of $120,501.15. Appellant has paid $250 of this amount. For two reasons, we believe this assessment does not constitute a "punishment." First, appellant was *assessed* this amount. The State has not sought a judgment against appellant, and there has been no adjudication by a court. The assessment of a penalty does not constitute punishment that causes jeopardy to attach. *Ex parte Wisenbaker*, 762 S.W.2d 218, 219 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd). Furthermore, *Halper* expressly contemplates a criminal prosecution and a civil action that results in a judgment. *Halper*, 490 U.S. at 451, 109 S.Ct. at 1903; *see also Sanchez–Escareno*, 950 F.2d at 201 (in the absence of a judgment or payment, execution of promissory notes did not constitute "punishment").

Second, in the absence of payment by appellant, the assessment does not constitute "punishment." *See Sanchez–Escareno*, 950

F.2d at 201. We are aware that appellant paid $250 towards the amount owed, but this payment is an infinitesimal portion of the total assessment. In the absence of payment in full, or at least a substantial portion of the total amount, we cannot find the assessment constituted a "punishment." In *In re Bradley*, 318 U.S. 50, 63 S.Ct. 470, 87 L.Ed. 608 (1943), although the applicable statute provided for either a fine or imprisonment, a district court sentenced the defendant to a six-month jail term and fined him $500. The defendant was jailed; a few days later his attorney paid the fine. The trial court, realizing its error, issued an order amending the sentence to omit the fine, and instructed the court clerk to return the money. *Bradley*, 318 U.S. at 51–52, 63 S.Ct. at 470. The Supreme Court ordered the defendant released, stating,

> When ... the fine was paid to the clerk and receipted for by him, the petitioner had complied with a portion of the sentence which could lawfully have been imposed. As the judgment of the court was thus executed so as to be *a full satisfaction* of one of the alternative penalties of the law, the power of the court was at an end.

*Id.* (emphasis added); *see also Ex parte Lange*, 85 U.S. (18 Wall) 163, 176, 21 L.Ed. 872 (1873) (where prisoner had "fully performed, completed, and endured one of the alternative punishments which the law prescribed for the offense [by paying the fine]," the court's power to punish for that offense was at an end). Appellant paid ¹⁄₄₈₀ of the total assessment. We find this amount too insignificant to constitute payment. In the absence of payment, there was no "punishment."

### B. Forfeiture

■ Appellant's radar detector and $2,165 in cash were forfeited to the State. The State asserts the forfeiture statute is not penal in nature because, among other reasons, the statute provides that forfeiture ac-

---

5. The State relies on Officer Dial's affidavit to establish the amount of tax is reasonably related to the value of the marihuana. *Halper* provides, however, that a civil penalty must be rationally related to the goal of making the government whole. 490 U.S. at 451, 109 S.Ct. at 1903. We think the relationship between the tax assessed and the value of the marihuana is irrelevant to our double jeopardy analysis.

tions shall be governed by the civil rules of procedure and the State has the burden of proof by a preponderance of the evidence. Tex.Code Crim.P.Ann. art. 59.05(a), (b) (Vernon Supp.1993). We do not find this dispositive. "[T]he labels 'criminal' and 'civil' are not of paramount importance. It is commonly understood that civil proceedings may advance punitive as well as remedial goals...." *Halper,* 490 U.S. at 447, 109 S.Ct. at 1901. We are persuaded, however, by the State's argument that the statute is remedial.

Article 59.06 provides for the disposition of forfeited property, and specifies that forfeited funds and funds derived from the sale of forfeited property shall be used for law enforcement purposes, and drug abuse and chemical dependency treatment programs. Tex.Code Crim.P.Ann. art. 59.06(c), (h) (Vernon Supp.1993). These goals are clearly remedial in nature. *Ex parte Rogers,* 804 S.W.2d 945, 950 (Tex.App.—Dallas 1990, no pet.).

*Halper* reminds us that "punishment serves the twin aims of retribution and deterrence" and provides that "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment...." 490 U.S. at 448, 109 S.Ct. at 1902.[6] Because we find the forfeiture statute is remedial, the forfeiture of appellant's cash and radar detector did not constitute punishment.

Even if the forfeiture statute was punitive, rather than remedial, we would still find that the forfeiture of appellant's money and property did not constitute a punishment. Police officers seized 78 pounds of marihuana. We do not believe the relatively modest value of the cash and property forfeited is "overwhelmingly disproportionate to the damage" appellant has caused. *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902.

### Conclusion

We find the forfeiture of appellant's cash and property and the tax assessment do not constitute a "punishment" and that prosecu-

tion for the charged offenses will not subject him to multiple punishment under either the United States or Texas Constitutions. We overrule appellant's points of error and affirm the trial court's denial of habeas corpus relief.

---

**6.** *Halper* also reminds us that the determination whether a sanction constitutes punishment is not made from the defendant's perspective: "[F]or the defendant even remedial sanctions carry the sting of punishment." 490 U.S. at 448 n. 7, 109 S.Ct. at 1902 n. 7.