Danny **FANT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. A14–94–00013–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

July 21, 1994.

Rehearing Denied Aug. 4, 1994.

Discretionary Review Granted Oct. 12, 1994.

---

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Alan Curry, Houston, for appellee.

Before MURPHY, ELLIS and LEE, JJ.

## MAJORITY OPINION

MURPHY, Justice.

In this appeal from the trial court's denial of appellant's application for a writ of habeas corpus, we consider whether double jeopardy bars appellant's trial for possession of a controlled substance with intent to deliver, after the State has obtained a forfeiture judgment arising out of the same criminal occurrence. We conclude that it does.

■ Appellant was arrested and charged with possession of a controlled substance with intent to deliver in cause No. 656,133. Three days later, the State initiated forfeiture proceedings against him in the 55th District Court of Harris County in cause No. 93–05397, pursuant to TEX.CODE CRIM.PROC. ANN. chapter 59 (Vernon Supp.1994). Appellant and the State entered into an agreed judgment, whereby appellant forfeited $3,823.00 in United States currency and one Motorola cellular telephone. Subsequently, appellant filed a pretrial application for a writ of habeas corpus, claiming that constitutional protections against double jeopardy barred the State from prosecuting him further for the possession offense.[1] The trial court denied the application, but stayed further proceedings pending the outcome of this appeal.

■ Appellant contends that his prosecution is barred by the Double Jeopardy claus-

---

1. A pretrial writ of habeas corpus is the appropriate remedy to review a claim of double jeopardy. *Stephens v. State,* 806 S.W.2d 812, 814 (Tex. Crim.App.1990); *cert. denied,* —— U.S. ——, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991).

es contained in the United States and Texas Constitutions. U.S. CONST. amend. V; TEX. CONST. art. I, § 14. Conceptually, the State and Federal double jeopardy provisions are identical. *Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim.App.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Phillips v. State,* 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990). We first address appellant's claim under the United States Constitution. The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The third of these protections is the one before us today. The issue is simple: is forfeiture under Chapter 59 "punishment"?

The United States Supreme Court has, in three recent cases, addressed the issue of what constitutes "punishment." The first case is *Halper, supra,* in which the Supreme Court considered whether a civil penalty may constitute a second "punishment" for the purposes of double jeopardy analysis. *Halper,* 490 U.S. at 441, 109 S.Ct. at 1897. The Supreme Court first found that the label "criminal" or "civil" was a distinction without a difference, because a civil as well as a criminal sanction constitutes punishment when the sanction, as applied, serves the goal of punishment. *Id.* at 448, 109 S.Ct. at 1901. The court stated:

[A] civil sanction that cannot fairly be said *solely* to serve a remedial purpose, but rather can only be explained as *also* serving either retributive or deterrent purposes, is punishment, as we have come to understand the term (emphasis added).

*Id.* The Supreme Court went on to announce a rule that in the "rare case" where the sanction imposed is overwhelmingly disproportionate to the damage caused by the offender and bears no rational relation to the goal of compensating the Government for its loss,[2] the defendant is entitled to an accounting of the Government's damages to determine if the penalty sought following criminal prosecution constitutes a second punishment. *Id.* at 449, 109 S.Ct. at 1902.

Following the decision in *Halper,* the Supreme Court heard *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In *Austin,* the issue was whether the Excessive Fines Clause of the Eighth Amendment applied to forfeitures of property under the Federal controlled substance forfeiture statute.[3] Because the Eighth Amendment limits the government's power to punish, the Supreme Court was called on to determine whether the statutory forfeiture was "punishment." The Court summarized the history of common law forfeitures, beginning with English law, and concluded with the observation that "this Court ... consistently has recognized that forfeiture serves, at least in part, to punish the owner." *Austin,* —— U.S. at ——, 113 S.Ct. at 2810. Then, utilizing the *Halper* test of whether the statute in question serves at least *in part* to punish, *Austin,* —— U.S. at —— n. 12, 113 S.Ct. at 2810 n. 12 (emphasis in original), the Supreme Court analyzed several factors and stated:

[W]e cannot conclude that forfeiture under [the statute] serves solely a remedial purpose [footnote omitted]. We therefore conclude that forfeiture under these provisions constitutes "payment to a sovereign as punishment for some offense," *Browning–Ferris* [*Industries v. Kelco Disposal, Inc.,* 492 U.S. 257, 265, 109 S.Ct. 2909, 2915, 106 L.Ed.2d 219 (1989) ] and, as such is subject to the limitations of the Eighth Amendment's Excessive Fines Clause.

*Id.* —— U.S. at ——, 113 S.Ct. at 2812. The Court also stated that because the value of property forfeitable under the statute can vary so dramatically, any relationship between the Government's actual costs and the amount of a forfeiture is merely coincidental, and forfeiture as a penalty has no correlation to any damages sustained by society or to

---

**2.** In *Halper,* the defendant filed false Medicare claims totalling $585. Under the terms of the Federal False Claims Act, he was fined over $130,000.

**3.** 21 U.S.C.A. § 881 (1981 & West Supp.1994).

the cost of enforcing the law. *Id.* —— U.S. at —— and n. 14, 113 S.Ct. at 2812, and n. 14 (quoting *United States v. Ward,* 448 U.S. 242, 254, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980)).

Finally, the Court handed down its decision in *Dept. of Revenue v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), in which the issue was whether a state marijuana tax had punitive characteristics that subjected it to the constraints of the Double Jeopardy clause. Citing *Halper* and *Austin,* the Supreme Court began by noting that criminal fines, civil penalties, *civil forfeitures,* and taxes all generate government revenues, impose fiscal burdens on individuals, deter certain behaviors, and *are subject to constitutional constraints. Kurth Ranch,* —— U.S. at ——, 114 S.Ct. at 1943 (emphasis added). It then stated that "fines, penalties, and *forfeitures* are readily characterized as sanctions." *Id.* —— U.S. at ——, 114 S.Ct. at 1946 (emphasis added). This language clearly indicates that the Supreme Court has no question that forfeitures are punishment. The issue in *Kurth Ranch* was whether the marijuana tax's purposes were punitive in nature, *as are fines, penalties, and forfeitures.* The Court concluded that the drug tax was fairly characterized as punishment, and thus could not be imposed in a second proceeding following the first punishment for the criminal offense. *Id.* —— U.S. at ——, 114 S.Ct. at 1947. Interestingly, the Court also announced that the application of *Halper*'s method of determining whether a penalty was remedial or punitive, by evaluating whether the damages assessed were in proportion to damages suffered by the government, was inappropriate because the tax assessed had no relation to costs to the State that are attributable to the defendant's conduct.[4]

■ The task before us today is to determine whether appellant has already been "punished" by the forfeiture of his property under TEX.CODE CRIM.PROC.ANN. art. 59.02 (Vernon Supp.1994). In *Austin,* the Su-

preme Court analyzed a series of factors which we believe are helpful in making our determination. First, the Court analyzed the history of forfeiture under this country's common law, and concluded that forfeiture has been historically understood as punishment. *Austin,* —— U.S. at —— – ——, 113 S.Ct. at 2806–10. We adopt this conclusion.

Next, the Court focused on the "innocent owner" defense contained in the statute under which the forfeiture occurred. *See* 21 U.S.C.A. § 881(a)(4)(C) ("no conveyance shall be forfeited under this paragraph to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge, consent, or willful blindness of the owner"); *and* § 881(a)(7) ("no property shall be forfeited under this paragraph, to the extent of an interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner"). The Court concluded that the statute looked more like a punishment because the exception focused on the culpability of the owner. *Austin,* —— U.S. at —— – ——, 113 S.Ct. at 2810–11. Finally, the Court found that the inclusion of an innocent owner defense in the statute revealed a congressional intent to punish only those involved in drug trafficking. *Id.* —— U.S. at ——, 113 S.Ct. at 2811.

When we consider the Texas statute under which appellant forfeited his property, we also find an "innocent owner" defense. *See* TEX.CODE CRIM.PROC.ANN. art. 59.02(c)(2) (Vernon Supp.1994) ("An owner or interest holder's lien in property may not be forfeited under this chapter if the owner or interest holder ... did not know or should not reasonably have known of the act or omission giving rise to the forfeiture or that it was likely to occur at or before the time of acquiring and perfecting the interest or, if the property is real property, at or before the time of acquiring the ownership interest, se-

---

4. We note again the language from *Austin,* where the Court stated that forfeiture has absolutely no correlation to any damages sustained by society or to the cost of enforcing the law, and any relationship between the government's costs and

the amount of the sanction is merely coincidental. *Austin,* —— U.S. at ——, and n. 14, 113 S.Ct. at 2812, and n. 14. (quoting *United States v. Ward,* 448 U.S. 242, 254, 100 S.Ct. 2636, 2644, 65 L.Ed.2d 742 (1980)).

curity interest, or lien interest"). We can only construe this provision as demonstrating a legislative intent to impose the penalty of forfeiture on those involved in criminal activity, which makes the statute "look more like punishment, not less." *Austin*, —— U.S. at ——, 113 S.Ct. at 2811. Moreover, the inclusion of the chapter dealing with drug forfeitures in the Texas Code of *Criminal* Procedure lends further support to our conclusion that the purpose of Chapter 59 is to *punish* drug traffickers.

The teaching of *Halper* is that if a sanction serves the goals of punishment, namely retribution and deterrence, even if it has remedial goals as well, then it should be characterized as punishment for purposes of a double jeopardy analysis. *Halper*, 490 U.S. at 448, 109 S.Ct. at 1901. *See also Austin*, —— U.S. at —— n. 12, 113 S.Ct. at 2910 n. 12; *Kurth Ranch*, —— U.S. at ——, 114 S.Ct. at 1943. We find that although Chapter 59 may have remedial goals, *see* Article 59.06(c), (h) (providing that funds derived from forfeitures under the statute be used for law enforcement purposes, and programs for treatment of drug abuse and chemical dependency), it must be characterized as punitive, based on the factors delineated in *Austin*. *Contra Ward v. State*, 870 S.W.2d 659 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd); *Johnson v. State*, No. 01–93–1077–CR, —— S.W.2d —— (Tex.App.—Houston [1st Dist.] June 23, 1994, no pet.h.). Therefore, in light of the above Supreme Court decisions, we must conclude that appellant has already been punished for his criminal conduct by the forfeiture of his property, and the Double Jeopardy Clause of the United States Constitution prohibits further punishment by the State for the same incident. Appellant's first point of error is sustained, and we have no need to address his second point regarding the Texas Constitution.

▮ We emphasize that we are not finding the forfeiture statute unconstitutional. We are merely stating that if the State wishes to proceed against an individual by prosecuting him criminally and instituting civil forfeiture proceedings for conduct arising out of the same criminal occurrence, it must do so in the same proceeding. *See Kurth Ranch*, ——

U.S. at ——, 114 S.Ct. at 1947 (holding that because the drug tax constitutes a punishment, it must be imposed during the first prosecution or not at all).

The judgment denying appellant's application for writ of habeas corpus is reversed, and we render judgment that appellant's application is granted.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I respectfully file my dissent. Appellant, Danny Fant, appeals the trial court's denial of his application for writ of habeas corpus, asserting that double jeopardy bars his trial for possession of a controlled substance with intent to deliver because the State has previously obtained a forfeiture judgment arising out of the same criminal occurrence. The majority agrees, holding that the forfeiture is "punishment."

I am of the opinion that TEX.CODE CRIM. PROC.ANN. chapter 59 (Vernon Supp.1994) is remedial in nature. *See Ward v. State*, 870 S.W.2d 659, 663 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). Specifically, article 59.06, which provides for the disposition of forfeited property, mandates that forfeited funds and funds derived from the sale of forfeited property shall be used for law enforcement purposes, and drug abuse and chemical dependency treatment programs. TEX.CODE CRIM.PROC.ANN. art. 59.06(c), (h) (Vernon Supp.1994). Thus, the statute is not punitive and does not constitute punishment.

The majority relies on *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), in which the Supreme Court of the United States held that "under the Double Jeopardy Clause a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not be fairly characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902. As the majority recognizes, the Court severely limited this holding:

> What we announce now is a rule for the *rare case*, the case such as the one before us, where a *fixed penalty provision* sub-

jects a *prolific but small-gauge offender* to a sanction *overwhelmingly disproportionate to the damages he has caused.* The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.

*Id.* at 449–50, 109 S.Ct. at 1902 (emphasis added).

Thus, *Halper* teaches us that if the statute is remedial in nature, then the further analysis to determine whether it qualifies as punishment does not apply. *See Ward,* 870 S.W.2d at 663. As mentioned earlier, the face of the statute itself indicates that it is remedial. *See* TEX.CODE CRIM.PROC.ANN. art. 59.06(c), (h). However, even if the forfeiture statute was punitive rather than remedial, appellant has failed to show this court that his is one of the "rarest cases" contemplated by *Halper,* and how the cash and property forfeited is "overwhelmingly disproportionate to the damage" he has caused. *See Halper,* 490 U.S. at 449–50, 109 S.Ct. at 1902–03; *Ward,* 870 S.W.2d at 663.

The majority also analyzes *Austin v. United States,* — U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) in which the Court held that the excessive fines clause of the Eighth Amendment to the United States Constitution applies to forfeitures. Even if *Austin* stands for the proposition that forfeitures are punishment, the Court left it to the lower courts to consider what factors would appropriately determine whether a forfeiture was "excessive." *Id.* — U.S. at ——, 113 S.Ct. at 2812. We need not develop the factors here because the record before this court does not contain evidence developed in the forfeiture settlement, or to be developed in the criminal prosecution. Thus, appellant has not shown that the forfeiture is "excessive."

Accordingly, I would overrule appellant's first and second points of error and would affirm the trial court's judgment.