IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-654-CR





EX PARTE: STEVE TOMLINSON,




 APPELLANT




 




FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT 



NO. CR93-0293-B, HONORABLE DICK ALCALA, JUDGE PRESIDING



 




 Steve Tomlinson, appellant, appeals from the district court's denial of a pretrial
writ of habeas corpus. Appellant is currently under indictment for possession of marihuana. He
contends that his criminal prosecution is barred by the double jeopardy protection of the United
States and Texas Constitutions because he has already suffered a punitive civil forfeiture for the
same offense. The district court denied the habeas relief. We will affirm.


FACTUAL AND PROCEDURAL BACKGROUND


 On February 4, 1993, pursuant to a warrant, San Angelo police officers searched
appellant's residence based on probable cause for marihuana possession. As a result of this
search, officers seized $15,530 in currency, a small quantity of marihuana, scales, and assorted
drug paraphernalia. While the officers were conducting the search, Wesley Clary arrived at the
back door. After being identified, Clary was released and left the premises. Later, police
discovered a red and white cooler near the back door where Clary had been standing. This cooler
contained approximately one pound of marihuana. It too was seized.

 Suspecting Clary may have placed the cooler there to avoid arrest, police later
questioned him. Clary admitted that he had indeed placed the cooler there, and he consented to
a search of his own residence. There he led police to a homemade audio speaker, inside of which
officers discovered sixteen and one quarter pounds of marihuana. Clary told police that he and
appellant owned the marihuana. He also told police that the speaker was part of a matching set
and that the mate was at appellant's residence. Believing that the presence of the matching
speaker at appellant's residence would tend to show that appellant "possessed" the marihuana
discovered at Clary's residence, police obtained another search warrant to retrieve the matching
speaker from appellant's residence. (1) The Tom Green County grand jury indicted appellant for
possession of more than five, but less than fifty, pounds of marihuana. Controlled Substances
Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.121, 1989 Tex. Gen. Laws 2230, 2939 (Tex. Health
& Safety Code Ann. § 481.121, since amended) (hereafter "former section 481.121").

 In March 1993 the State initiated a civil forfeiture suit against the $15,530 found
in the initial search of appellant's residence. Tex. Code Crim. Proc. Ann. §§ 59.01-.06 (West
Supp. 1994). In that suit the State alleged that appellant and his father, Walter Tomlinson, were
in possession of a felony quantity of marihuana on February 4, 1993, and that the currency was
subject to forfeiture either as "proceeds gained from the commission of a felony offense" or
alternatively because it was "used or intended for use in the commission of a felony offense"
under former section 481. On July 28, 1993, the State and the Tomlinsons entered into an agreed
judgment dividing the seized funds. Walter Tomlinson was to retain half, $7,565; the State
received the other half. Appellant, who maintained that $4,000 of the seized money was his,
received nothing. The judgment of forfeiture recited that appellant consented to the judgment,
but did not recite the specific legal basis for the forfeiture.

 Before trial on the marihuana-possession charge, appellant filed an application for
a writ of habeas corpus in the trial court. He contended that the forfeiture of his $4,000 was a
substantial punitive forfeiture for the same offense, thus barring subsequent criminal prosecution
under the double jeopardy provisions of both the United States and Texas Constitutions. U.S.
Const. amend. V, XIV; Tex. Const. art. I, § 14. Following a hearing on the writ, the district
court denied relief. The court did, however, stay the criminal prosecution pending appellant's
appeal to this Court.


DISCUSSION


 In this appeal, appellant strenuously argues that his forfeiture of $4,000 was
"punitive" and bars his criminal prosecution for marihuana possession. He relies on United States
v. Halper, 490 U.S. 435 (1989), and its progeny for the proposition that civil actions can be
punitive for double jeopardy purposes. When applied to civil forfeiture of drug proceeds and
criminal prosecution for the underlying drug offense, this is indeed a murky area of law that has
left the federal courts of appeals seemingly at odds. Compare United States v. $405,089.23 U.S.
Currency, No. 93-55947, 1994 WL 476736, at *8 (9th Cir. Sept. 6, 1994) (holding civil
forfeiture is punishment barred by double jeopardy following criminal convictions for conspiracy
and money laundering in connection with methamphetamine manufacturing operation) with United
States v. Tilley, 18 F.3d 295, 299-300 (5th Cir. 1994) (holding forfeiture of drug proceeds is
remedial and does not bar subsequent criminal prosecution for sale of drugs). Mirroring the
division in federal authority, the two Houston courts of appeals have recently entered this fray. 
Compare Fant v. State, 881 S.W.2d 830 (Tex. App.Houston [14th Dist.] 1994, pet. granted)
(Texas forfeiture law is punitive and invokes double jeopardy protection) with Johnson v. State,
882 S.W.2d 17 (Tex. App.--Houston [1st Dist.] 1994, pet. granted) (Texas forfeiture law is
primarily remedial, and double jeopardy considerations are not implicated unless the forfeiture
is "overwhelmingly disproportionate to the damage appellant caused."). It is, however,
unnecessary for us to grapple with this thorny issue, because the present appeal resolves at an
analytically earlier stage.

 The Double Jeopardy Clause of the United States Constitution provides that no
person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S.
Const. amend. V. It protects against three distinct abuses: a second prosecution for the same
offense after acquittal; a second prosecution for the same offense after conviction; and multiple
punishments for the same offense. Halper, 490 U.S. at 440; Iglehart v. State, 837 S.W.2d 122,
127 (Tex. Crim. App. 1992). Conceptually, the relevant provisions of both the United States and
Texas constitutions are identical. Phillips v. State, 787 S.W.2d 391, 393 n.2 (Tex. Crim. App.
1990). Both speak of double jeopardy in terms of the "same offense." Id. at 393. In determining
what constitutes an "offense," state legislatures are free to define crimes and fix punishments. 
Once they have acted, however, courts may not impose more than one punishment for the same
offense. Brown v. Ohio, 432 U.S. 161, 165 (1977). 

 Appellant argues that his civil forfeiture "punished" him for the same marihuana
offense now charged in the criminal indictment. We disagree. In all of the authorities cited by
appellant, there is no dispute that the state targeted exactly the same offense in both the civil and
criminal actions. See Montana Dep't of Revenue v. Kurth Ranch, 114 S. Ct. 1937, 1942-43
(1994) (involving criminal convictions for possession and conspiracy to possess drugs with later
civil tax applied to the same possessed drugs); United States v. Dixon, 113 S. Ct. 2849, 2853
(1993) (concerning use of contempt proceedings and criminal prosecution for same drug offense);
Halper, 490 U.S. at 437-38 (applying civil and criminal actions to the same sixty-five false claim
violations); $405,089.23 U.S. Currency, 1994 WL 476736, at *3 ("[T]his civil forfeiture action
and the claimants' criminal prosecution addressed the identical violations of the identical laws .
. . ."); Tilley, 18 F.3d at 297-98 (predicating civil forfeiture proceeding on the same drug
trafficking offenses as charged in the indictment); United States v. Sanchez-Escareno, 950 F.2d
193, 194-95 (5th Cir. 1991) ("The assessed civil fines addressed the same conduct which was the
basis of the subsequent criminal indictments."), cert. denied, 113 S. Ct. 123 (1992); Fant, 881
S.W.2d at 831 (involving single charge of possession with intent to deliver followed by civil
forfeiture). In the present case, however, the civil forfeiture was based on a different offense
from that charged in the criminal prosecution.

 The Texas legislature has created two separate and distinct offenses: delivery of
marihuana punishable under former section 481.120 and possession of marihuana punishable
under former section 481.121. Double Jeopardy does not bar prosecution for distinct possession
and delivery offenses where separate drug quantities are identified for each offense. See Smith
v. State, 873 S.W.2d 773, 775 (Tex. App.Fort Worth 1994, no pet.) (possession and delivery
of cocaine); Toro v. State, 780 S.W.2d 510, 512 (Tex. App.San Antonio 1989, no pet.)
(possession and delivery of cocaine); Torrez Diaz v. State, 762 S.W.2d 701, 704 (Tex.
App.Houston [14th Dist.] 1988) (possession and delivery of cocaine), pet. ref'd, 796 S.W.2d
183 (Tex. Crim. App. 1990); cf. State v. Holguin, 861 S.W.2d 919, 920-21 (Tex. Crim. App.
1993) (holding possession of marihuana charge not barred by previous conviction of possession
of drug paraphernalia); Lozano v. State, 676 S.W.2d 433, 435 (Tex. App.Waco 1984, no pet.)
(holding same marihuana transaction punishable under both former possession and delivery for
remuneration statutes).

 Since the State is free to prosecute both of these separate criminal offenses, there
is no reason why the State may not target one through a civil action and the other through a
criminal prosecution. This is precisely what the State has done with the separate and discrete
transactions involved here. One of the grounds on which the civil forfeiture suit was premised
was a delivery-of-marihuana offense. The suit alleged that the money seized was either proceeds
gained from the commission of a felony offense under former section 481, or alternatively was
intended for use in commission of a felony under former section 481. Even if the alternative
ground ("intended for use in commission") was somehow connected with a possession offense,
the first ground ("proceeds gained from the commission") necessarily means that delivery of
marihuana is at issue. Mere possession of marihuana would not yield proceeds.

 Appellant has the burden to prove former jeopardy. See Anderson v. State, 635
S.W.2d 722, 725 (Tex. Crim. App. 1982); Hoang v. State, 810 S.W.2d 6, 8 (Tex. App.Dallas
1991), aff'd, 872 S.W.2d 694 (Tex. Crim. App. 1993). This necessarily includes, of course,
showing that the offense for which he is threatened with prosecution is the same offense as the one
for which he has already been punished. See Hail v. State, 293 S.W. 831, 832 (Tex. Crim. App.
1927). Thus, at the very least, appellant had the burden of showing that the forfeiture was not
based on the currency's being "proceeds gained from the commission," but rather was based on
its being "intended for use in commission." In the absence of such a showing, we must presume
it was for the delivery offense. In contrast, the current criminal indictment is for possession of
more than five, but less than fifty, pounds of marihuana under former section 481.121. In this
charge, the State seeks to punish appellant for possession of the cache of marihuana seized from
the speaker at Clary's residence. This is separate and distinct from the delivery offense
presumably punished by the civil forfeiture. Therefore, appellant has not carried his burden of
showing the identity of the two offenses.

 Appellant maintains, however, that the civil forfeiture cannot be punishment for
a separate and distinct offense because the State would have to rely on the same facts for both the
civil forfeiture and the criminal possession charge. We disagree. The affidavit of William Mabe
accompanying the forfeiture suit recounts that, on execution of the February 4, 1993 search
warrant of appellant's residence, police seized a felony amount of marihuana, $15,530 in
currency, and scales indicating that marihuana was being weighed out for resale. The marihuana
described in this affidavit must refer to the pound of marihuana discovered in the red and white
cooler since it was the only felony quantity of marihuana discovered at appellant's residence. 
These facts support the conclusion that the civil forfeiture was for a delivery-of-marihuana
offense. The facts surrounding the possession charge, however, are completely different. These
involve appellant's relationship with Clary, the matching pair of audio speakers, and the sixteen
plus pounds of marihuana seized at another locationClary's residence. Thus, the present case
involves not only conceptually distinct offenses, but factually separate transactions.

 In summary, we must presume that if the State "punished" appellant through the
civil forfeiture, it was for a delivery offense. Appellant has not carried his burden to demonstrate
otherwise. The current criminal indictment for possession, however, is both factually and legally
distinct. Because we conclude that the State has targeted two separate and distinct offenses,
double jeopardy does not bar appellant's criminal prosecution for the possession charge. We do
not address whether civil forfeiture is in fact "punishment" for double jeopardy purposes when
the State does rely on a single offense.




CONCLUSION


 We affirm the district court's order denying habeas corpus relief.



 J. Woodfin Jones, Justice

Before Justices Aboussie, Jones and Kidd

Affirmed

Filed: October 26, 1994

Publish
1. The present record does not indicate whether this search was carried out and, if it was,
whether the second speaker was found. Such facts are not material to the issues in this
appeal.