Howard v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00429-CR







John Emerson Howard, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT


NO. 7789, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING







 John Emerson Howard was convicted of possession of a controlled substance and
sentenced to fifteen years' imprisonment. See Tex. Health & Safety Code Ann. § 481.115 (West
Supp. 1996). Additionally, certain items of his property were forfeited in a separate forfeiture
proceeding. See Tex. Code Crim. Proc. Ann. art. 59.01-.05 (West Supp. 1997). He appeals
from his criminal conviction. We will affirm the judgment.



BACKGROUND


 Before Howard was indicted, the State filed a forfeiture action against his truck and
$500.00 U.S. Currency. See id. The State alleged that the truck was used in the commission of
a felony. A default judgment was rendered in the forfeiture action. Once indicted for possession
of a controlled substance, Howard filed a motion to dismiss the indictment on the basis of double
jeopardy. The trial court denied his motion, and Howard subsequently entered a guilty plea under
the terms of a plea agreement.



DISCUSSION


 Howard contends on appeal that the trial court erred by denying his motion to
dismiss the indictment based on double jeopardy. He asserts that the forfeiture constituted
punishment and placed him in jeopardy, and therefore, his subsequent prosecution was barred by
both the United States and the Texas constitutions. (1) See U.S. Const. amend. V; Tex. Const. art.
I, § 14. We disagree.

 In United States v. Ursery, U.S. , 116 S. Ct. 2135 (1996), (2) the United States
Supreme Court held that generally civil forfeitures do not constitute punishment for purposes of
the Double Jeopardy Clause of the Fifth Amendment. Id. at 2149. The Court outlined a two-part
test for determining whether jeopardy attaches during a forfeiture proceeding. Id. at 2147. See
Gaston v. State, 930 S.W.2d 222, 224 (Tex. App.--Austin 1996, no pet.). The Texas Court of
Criminal Appeals recently applied this test in determining whether a forfeiture action under the
Texas statute subjected a defendant to double jeopardy. See Fant v. State, No. 1047-94 slip op.
(Tex. Crim. App. Oct. 16, 1996). The Court held that forfeiture pursuant to Chapter 59 of the
Texas Code of Criminal Procedure is a civil in rem proceeding, neither punitive nor criminal in
nature, for the purposes of the Double Jeopardy Clause of the Fifth Amendment. Id. at 16-17. 
Before the court of appeals, Fant asserted that his prosecution under both the forfeiture statute and
a criminal statute violated both the Texas and United States constitutions. Fant v. State, 881
S.W.2d 830, 831-32 (Tex. App.--Houston [14th Dist.] 1994), rev'd, No. 1047-94 (Tex. Crim.
App. Oct. 16, 1996). Because the intermediate appellate court determined that the State and
Federal double jeopardy provisions are identical and neither party challenged that conclusion, the
Court of Criminal Appeals disposed of Fant on the basis that the prosecution did not violate the
Fifth Amendment without making a separate analysis of the claim under the Texas Constitution. (3) 
Fant, slip op. at 3 n.2, 17 n.9. In accordance with Fant, we hold that criminal prosecution of
Howard following forfeiture of his property did not violate the Fifth Amendment.

 As this Court implicitly held in Gaston, we see no reason why Ursery's two-part
analysis should not also be applied to claims under the Double Jeopardy Clause of the Texas
Constitution. See Gaston, 930 S.W.2d at 223-24. Gaston involved the forfeiture of a truck and
assertions of double jeopardy. Although Gaston did not separately address the United States and
Texas constitutions, double jeopardy claims were raised on appeal under both constitutional
provisions. Appellant has not offered the Court additional briefing under the Texas Constitution,
but to the extent raised, we further hold that the result is the same. Following Ursery, Fant, and
Gaston, we hold that the prosecution did not violate Article I, section 14 of the Texas
Constitution. Therefore, the trial court did not err in refusing to dismiss the indictment charging
Howard with possession of a controlled substance. 

 We overrule Howard's point of error and affirm the judgment of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: December 5, 1996

Do Not Publish

1.   Briefs in this cause were filed before the United States Supreme Court's decision in
United States v. Ursery, U.S. , 116 S. Ct. 2135 (1996) and the Texas Court of Criminal
Appeals' decision in Fant v. State, No. 1047-94 slip op. (Tex. Crim. App. Oct. 16, 1996). 
Oral arguments were held before Fant as well. Appellant has not asked to file additional
briefs or authorities.
2.   All citations will be to the Supreme Court Reporter.
3.   Likewise, Howard asserted in his brief that the State and Federal provisions are
identical. In light of Ursery, Howard claimed at oral argument that the Texas Constitution
provided greater protection. Howard did not, however, provide this Court with a
supplemental brief after either Ursery or Fant.


EM>, U.S. , 116 S. Ct. 2135 (1996), (2) the United States
Supreme Court held that generally civil forfeitures do not constitute punishment for purposes of
the Double Jeopardy Clause of the Fifth Amendment. Id. at 2149. The Court outlined a two-part
test for determining whether jeopardy attaches during a forfeiture proceeding. Id. at 2147. See
Gaston v. State, 930 S.W.2d 222, 224 (Tex. App.--Austin 1996, no pet.). The Texas Court of
Criminal Appeals recently applied this test in determining whether a forfeiture action under the
Texas statute subjected a defendant to double jeopardy. See Fant v. State, No. 1047-94 slip op.
(Tex. Crim. App. Oct. 16, 1996). The Court held that forfeiture pursuant to Chapter 59 of the
Texas Code of Criminal Procedure is a civil in rem proceeding, neither punitive nor criminal in
nature, for the purposes of the Double Jeopardy Clause of the Fifth Amendment. Id. at 16-17. 
Before the court of appeals, Fant asserted that his prosecution under both the forfeiture statute and
a criminal statute violated both the Texas and United States constitutions. Fant v. State, 881
S.W.2d 830, 831-32 (Tex. App.--Houston [14th Dist.] 19