Howard v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING






NO. 03-95-00429-CR





John Emerson Howard, Appellant


v.


The State of Texas, Appellee





FROM THE DISTRICT COURT OF BURNET COUNTY, 33RD JUDICIAL DISTRICT

NO. 7789, HONORABLE CHARLES J. HEARN, JUDGE PRESIDING





 The opinion and judgment issued by this Court on December 5, 1996, are withdrawn
and the following opinion is substituted in its place. 

 John Emerson Howard was convicted of possession of a controlled substance and
sentenced to fifteen years' imprisonment. See Tex. Health & Safety Code Ann. § 481.115 (West
Supp. 1996). Additionally, certain items of his property were forfeited in a separate forfeiture
proceeding. See Tex. Code Crim. Proc. Ann. art. 59.01-.05 (West Supp. 1997). He appeals from
his criminal conviction. We will affirm the judgment.


BACKGROUND


 Before Howard was indicted, the State filed a forfeiture action against his truck and
$500.00 U.S. Currency. See id. The State alleged that the truck was used in the commission of a
felony. A default judgment was rendered in the forfeiture action. Once indicted for possession of
a controlled substance, Howard filed a motion to dismiss the indictment on the basis of double
jeopardy. The trial court denied his motion, and Howard subsequently entered a guilty plea under
the terms of a plea agreement.



DISCUSSION


 Howard contends on appeal that the trial court erred by denying his motion to dismiss
the indictment based on double jeopardy. He asserts that the forfeiture constituted punishment and
placed him in jeopardy, and therefore, his subsequent prosecution was barred by both the United
States and the Texas constitutions. (1) See U.S. Const. amend. V; Tex. Const. art. I, § 14. We disagree.

 In United States v. Ursery, U.S. , 116 S. Ct. 2135 (1996), (2) the United States
Supreme Court held that generally civil forfeitures do not constitute punishment for purposes of the
Double Jeopardy Clause of the Fifth Amendment. Id. at 2149. The Court outlined a two-part test
for determining whether jeopardy attaches during a forfeiture proceeding. Id. at 2147. See Gaston
v. State, 930 S.W.2d 222, 224 (Tex. App.--Austin 1996, no pet.). The Texas Court of Criminal
Appeals recently applied this test in determining whether a forfeiture action under the Texas statute
subjected a defendant to double jeopardy. See Fant v. State, 931 S.W.2d 299, 306-08 (Tex. Crim.
App. 1996). The court held that forfeiture pursuant to Chapter 59 of the Texas Code of Criminal
Procedure is a civil in rem proceeding, neither punitive nor criminal in nature, for the purposes of
the Double Jeopardy Clause of the Fifth Amendment. Id. at 309. Before the court of appeals, Fant
asserted that his prosecution under both the forfeiture statute and a criminal statute violated both the
Texas and United States constitutions. Fant v. State, 881 S.W.2d 830, 831-32 (Tex. App.--Houston
[14th Dist.] 1994), rev'd, 931 S.W.2d 299 (Tex. Crim. App. 1996). Because the intermediate
appellate court determined that the State and Federal double jeopardy provisions are identical and
neither party challenged that conclusion, the Court of Criminal Appeals disposed of Fant on the
basis that the prosecution did not violate the Fifth Amendment without making a separate analysis
of the claim under the Texas Constitution. (3) Fant, 931 S.W.2d at 302 n.2, 309 n.9. In accordance
with Fant, we hold that criminal prosecution of Howard following forfeiture of his property did not
violate the Fifth Amendment.

 As this Court implicitly held in Gaston, we see no reason why Ursery's two-part
analysis should not also be applied to claims under the Double Jeopardy Clause of the Texas
Constitution. See Gaston, 930 S.W.2d at 223-24. Gaston involved the forfeiture of a truck and
assertions of double jeopardy. Although Gaston did not separately address the United States and
Texas constitutions, double jeopardy claims were raised on appeal under both constitutional
provisions. Appellant has not offered the Court additional briefing under the Texas Constitution,
but to the extent raised, we hold the same analysis applies. 

 Under the two-part test, we must first determine whether the legislature intended the
forfeiture proceeding to be criminal or civil. Fant, 931 S.W.2d at 306. Next, we must decide
whether the proceeding was punitive in form and effect to the extent that the forfeiture was a
criminal proceeding despite the legislature's contrary intent. Id. The Court of Criminal Appeals
determined in Fant that the Texas Legislature intended to create civil, rather than criminal, forfeiture
proceedings. Id. at 307. We, therefore, turn to the second-part of the analysis. 

 Under the second step of the analysis, we must determine whether Howard
established by the "clearest proof" that through forfeiture, the legislature created a sanction with such
a punitive effect as to transform its intended civil remedy into a criminal penalty. See id. In rem
civil forfeitures historically have not been regarded as punishment; even though a forfeiture statute
may have some punitive effect, it can still constitute a remedial action. Gaston, 930 S.W.2d at 224. 
Civil forfeitures serve several remedial ends such as encouraging property owners to ensure that their
property is not used for illegal purposes and "ensuring that persons do not profit from their illegal
acts." Fant, S.W.2d at 308. Forfeiting Howard's truck, for example, furthers the remedial purpose
of preventing its use in connection with additional criminal activity. Therefore, it cannot be said that
the forfeiture proceeding has been shown by the "clearest proof" to be "so punitive in form and effect
as to render [it] criminal." See id. 

 Forfeitures under Chapter 59 are civil in rem proceedings and are not criminal in
nature. Id. at 307. Additionally, Howard has not demonstrated that the punitive form or effect of
the forfeiture transformed the civil remedy into a criminal penalty so as to bar his criminal
prosecution under the double jeopardy Clauses of either the United States or the Texas constitutions. 
Therefore, the trial court did not err in refusing to dismiss the indictment charging Howard with
possession of a controlled substance. We overrule Howard's point of error and affirm the judgment
of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 6, 1997

Do Not Publish

1.   Briefs in this cause were filed before the United States Supreme Court's decision in United
States v. Ursery, U.S. , 116 S. Ct. 2135 (1996) and the Texas Court of Criminal Appeals' decision
in Fant v. State, 931 S.W.2d 299 (Tex. Crim. App. 1996). Oral arguments were held before Fant
as well. Appellant has not asked to file additional briefs or authorities.
2.   All citations will be to the Supreme Court Reporter.
3.   Likewise, Howard asserted in his brief that the State and Federal provisions are identical. In
light of Ursery, Howard claimed at oral argument that the Texas Constitution provided greater
protection. Howard did not, however, provide this Court with a supplemental brief after either
Ursery or Fant.


 and Federal double jeopardy provisions are identical and
neither party challenged that conclusion, the Court of Criminal Appeals disposed of Fant on the
basis that the prosecution did not violate the Fifth Amendment without making a separate analysis
of the claim under the Texas Constitution. (3) Fant, 931 S.W.2d at 302 n.2, 309 n.9. In accordance
with Fant, we hold that criminal prosecution of Howard following forfeiture of his property did not
violate the Fifth Amendment.

 As this Court implicitly held in Gaston, we see no reason why Ursery's two-part
analysis should not also be applied to claims under the Double Jeopardy Clause of the Texas
Constitution. See Gaston, 930 S.W.2d at 223-24. Gaston involved the forfeiture of a truck and
assertions of double jeopardy. Although Gaston did not separately address the United States and
Texas constitutions, double jeopardy claims were raised on appeal under both constitutional
provisions. Appellant has not offered the Court additional briefing under the Texas Constitution,
but to the extent raised, we hold the same analysis applies. 

 Under the two-part test, we must first determine whether the legislature intended the
forfeiture proceeding to be criminal or civil. Fant, 931 S.W.2d at 306. Next, we must decide
whether the proceeding was punitive in form and effect to the extent that the forfeiture was a
criminal proceeding despite the legislature's contrary intent. Id. The Court of Criminal Appeals
determined in Fant that the Texas Legislature intended to create civil, rather than criminal, forfeiture
proceedings. Id. at 307. We, therefore, turn to the second-part of the analysis. 

 Under the second step of the analysis, we must determine whether Howard
established by the "clearest proof" that through forfeiture, the legislature created a sanction with such
a punitive effect as to transform its intended civil remedy into a criminal penalty. See id. In rem
civil forfeitures historically have not been regarded as punishment; even though a forfeiture statute
may have some punitive effect, it can still constitute a remedial action. Gaston, 930 S.W.2d at 224. 
Civil forfeitures serve several remedial ends such as encouraging property owners to ensure that their
property is not used for illegal purposes and "ensuring that persons do not profit from their illegal
acts." Fant, S.W.2d at 308. Forfeiting Howard's truck, for example, furthers the remedial purpose
of preventing its use in connection with additional criminal activity. Therefore, it cannot be said that
the forfeiture proceeding has been shown by the "clearest proof" to be "so punitive in form and effect
as to render [it] criminal." See id. 

 Forfeitures under Chapter 59 are civil in rem proceedings and are not criminal in
nature. Id. at 307. Additionally, Howard has not demonstrated that the punitive form or effect of
the forfeiture transformed the civil remedy into a criminal penalty so as to bar his criminal
prosecution under the double jeopardy Clauses of either the United States or the Texas constitutions. 
Therefore, the trial court did not err in refusing to dismiss the indictment charging Howard with
possession of a controlled substance. We overrule Howard's point of error and affirm the judgment
of the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: March 6, 1997

Do Not Publish

1.   Briefs in this cause were filed before the United States Supreme Court's decision in United
States v. Ursery, U.S. , 116 S. Ct. 2135 (1996) and the Texas Court of Criminal Appeals' decision
in Fant v. State, 931 S.W.2d 299 (Tex. Crim. App. 1996). Oral arguments were held before Fant
as well. Appellant has not asked to file additional briefs or authorities.
2.   All citations will be to the Supreme Court Reporter.
3.   Likewise, Howard asserted in his