IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-06-00396-CR

 

In re
Bruce K. Bannister

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

The petition for writ of mandamus is denied.  

 

 

 

 

                                                                                    BILL
VANCE

                                                                                    Justice

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Chief
Justice Gray concurring)

Petition
denied

Opinion
delivered and filed March 28, 2007

Do
not publish

[CRPM]








 






"> 

From the 18th District Court
Johnson County, Texas
Trial Court # 30234
                                                                                                    

O P I N I O N
                                                                                                    

      Anthony Ray Elmore appeals from the denial of his application for a pre-conviction writ of
habeas corpus. Because the court correctly denied the application, we will affirm.
      Elmore is charged with possession with intent to deliver approximately one-half kilo of
cocaine. Hal Brasier, an officer with the Department of Public Safety's S.T.O.P. Narcotics Task
Force, testified that Elmore was to have delivered the controlled substance to him at a rest area
on Interstate Highway 35W in Johnson County. When officers tried to arrest Elmore, he
attempted to flee in his vehicle, running over a curb and striking a restroom facility. Brasier
rammed Elmore's vehicle, and Elmore fled on foot carrying a brown paper sack. Officers in a
helicopter saw Elmore place the sack under a wooden crate or box, where it was later found. It
contained the cocaine. Elmore was arrested when he was found in an abandoned shed. 
      The State initiated proceedings under Chapter 59 of the Code of Criminal Procedure to forfeit
items of personal property seized from Elmore at the rest area: a 1988 Ford Mustang automobile
having a value of $3,500; a cellular phone valued at $200; and $185 in cash. See Tex. Code
Crim. Proc. Ann. arts. 59.01-59.11 (Vernon Supp. 1995). Elmore agreed to a judgment of
forfeiture. He now contends that he has been punished for the offense by the judgment of
forfeiture and that further prosecution for possession with intent to deliver cocaine is barred by
the Double Jeopardy Clause of the United States Constitution. See U.S. Const. amend. V. The
court heard the application for writ of habeas corpus and denied relief.
      The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for
the same offense after an acquittal; a second prosecution for the same offense after a conviction;
and multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440, 109
S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). A defendant convicted and punished for an offense
may not have a non-remedial civil penalty imposed against him for the same offense in a separate
proceeding.


 Id. at 448-51, at 1902-03. When the state forfeits property, the protection against
multiple punishments is implicated. Fant v. State, 881 S.W.2d 830, 832 (Tex. App.—Houston
[14th Dist.] 1994, pet. granted).
      Differing views have been expressed about the effect the forfeiture statute has on criminal
prosecutions. The First Court of Appeals found that a forfeiture of $2,165 in cash and a radar
detector did not bar a prosecution for possession of 78 pounds of marihuana. Ward v. State, 870
S.W.2d 659, 663 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd), vacated, ——— U.S. ———,
115 S.Ct. 567, ——— L.Ed.2d ——— (1994). The court held that Chapter 59 is "remedial" in
nature and, under Halper, determined that a forfeiture under the statute is not necessarily
additional "punishment." Id. (citing Halper, 490 U.S. at 449-50, 109 S.Ct. at 1902). The court
then found that the amount forfeited was not overwhelmingly disproportionate to the damage Ward
had caused. Id.
      The First Court also applied the disproportionality analysis discussed in Halper and Kurth
Ranch—i.e., whether the forfeiture approximates the cost of investigating, apprehending, and
prosecuting the defendant, or whether the forfeiture relates otherwise to any actual damages that
the defendant caused the state—to determine that a forfeiture of $11,574 in cash did not bar a
prosecution for possession of over 400 grams of cocaine with intent to deliver. Johnson v. State,
882 S.W.2d 17, 20 (Tex. App.—Houston [1st Dist.] 1994, pet. granted) (citing Halper, 490 U.S.
at 449, 109 S.Ct. at 1920, and Department of Revenue of Montana v. Kurth Ranch, ——— U.S. 
———, ———, 114 S.Ct. 1937, 1947-48, 128 L.Ed.2d 767 (1994)). 
      The Fourteenth Court of Appeals, on the other hand, considered whether the forfeiture of
$3,823 in cash and a cellular telephone barred prosecution for possession of a controlled substance
with intent to deliver. Fant, 881 S.W.2d at 831. The court adopted the conclusion of Austin v.
United States


 that forfeitures have been historically understood, at least in part, as "punishment." 
Id. at 833 (citing Austin v. United States, ——— U.S. ———, ———, 113 S.Ct. 2801, 2806-10,
125 L.Ed.2d 488 (1993)). Because the Texas forfeiture statute contains an "innocent owner"
defense, the court reasoned that the statute demonstrated a legislative intent to impose the penalty
on only those involved in criminal activity. Noting the language in Halper that focused on
whether a civil sanction could be said to be solely remedial, the court found that our statute,
although partly remedial, is punitive in nature. Id. at 834. Thus, it held that Fant had already
been punished for the criminal conduct and that further punishment for the same conduct was
barred. Id. Elmore relies on Fant for obvious reasons. See id.
      The Court of Criminal Appeals will ultimately decide which view is correct. Fant, 881
S.W.2d at 834; Ward, 870 S.W.2d at 663; Johnson, 882 S.W.2d at 20. We predict that it will
follow Ward and Johnson and hold that the forfeiture statute is remedial in nature. Tex. Code
Crim. Proc. Ann. arts. 59.01-59.11. Thus, a forfeiture will not be considered "punishment"
unless the amount forfeited is unjustly disproportionate to the cost of investigating, apprehending,
and prosecuting the defendant, or is not otherwise rationally related to the goal of making the state
whole. Halper, 490 U.S. at 450-51, 109 S.Ct. at 1903.
      Brasier testified without objection that the investigation of Elmore's activities surrounding the
proposed delivery of the cocaine, including the time of over thirty officers and the surveillance and
arrest, cost the State approximately $18-20,000. The total value of the property forfeited was less
than $4,000. Based on the evidence, the court was justified in finding that the amount of Elmore's
property that was forfeited was not so disproportionate to the cost that he caused the State as to
constitute "punishment." See id.
      We overrule Elmore's point and affirm the judgment denying the application for writ of
habeas corpus.

                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 23, 1995
Publish