Jamie Rae **DANIEL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–92–01003–CR.

Court of Appeals of Texas, Houston (1st Dist.).

May 5, 1994.

Published in Part Pursuant to Tex.R.App.P. 90.

Kenneth W. Smith, Houston, for appellant.

John B. Holmes, Jr., Julie Klibert, Lance Long, Harris County, for appellee.

## OPINION

MIRABAL, Justice.

On February 12, 1990, appellant, Jamie Rae Daniel, pled guilty to the offense of robbery and was placed on deferred adjudication probation for seven years. On September 30, 1992, the trial judge revoked probation because of appellant's repeated failure to report to his probation officer, found appellant guilty of robbery, and assessed punishment at 20–years confinement. We affirm.

In his first five related points of error, appellant asserts the trial judge erred by refusing to order a presentence investigation (PSI) prior to sentencing as required by TEX.CODE CRIM.P.ANN. art. 42.12, § 9 (Vernon Supp.1994). Appellant contends the judge's refusal to order a PSI violated his statutory rights under article 42.12, his right to due course of law, his right to due process and equal protection, and his right of access to the courts.

At the time he entered his plea in 1990, appellant signed a form that waived the preparation of a PSI. Both parties concede that such a waiver was valid under the adult probation statute as it existed in 1990. See Stewart v. State, 732 S.W.2d 398, 400 (Tex. App.—Houston [14th Dist.] 1987, no pet.). However, article 42.12, § 9 now provides in part:

(a) [B]efore the imposition of sentence by a judge in a felony case, and except as provided by Subsection (b) of this section, before the imposition of sentence by a judge in a misdemeanor case *the judge shall* direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections *department would provide the defendant* if the judge suspended the imposition of the sentence or granted deferred adjudication.

TEX.CODE CRIM.P.ANN. art. 42.12, § 9 (Vernon Supp.1994) (emphasis added).

Therefore, the issue this Court must decide is whether the waiver of a PSI, which was valid when made in 1990, remained effective in 1992, despite the change in article 42.12, § 9 that appears to make the preparation of a PSI in felony cases mandatory[1]. Because of the nature of deferred adjudication proceedings, we hold that the previously entered waiver does remain effective.

In *McClendon v. State,* 784 S.W.2d 711 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd), the defendant argued that the waiver of PSI he executed at the time he entered his plea in 1985 was not applicable to his adjudication of guilt and punishment in 1989. The court disagreed, stating that "the adjudication of guilt was part and parcel of the original plea proceeding, regardless of the amount of time intervening." *Id.* at 713. In deciding the waiver of PSI remained valid regardless of the passage of time, the court relied on the language in the deferred adjudication portion of the adult probation statute which provides, "[a]fter an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal *continue as if the adjudication of guilt had not been deferred.*" TEX. CODE CRIM.P.ANN. art. 42.12, § 5(b) (Vernon Supp.1994)[2] (emphasis added).

*Turcio v. State,* 791 S.W.2d 188, 191 (Tex.App.— Houston [14th Dist.] 1990, pet. ref'd).

---

1. We are aware of the conflict between TEX.CODE CRIM.P.ANN. art. 37.07, § 3(d), and TEX.CODE CRIM. P.ANN. art. 42.12, § 9 (Vernon Supp.1994). Article 37.07 § 3(d) indicates the trial court has *discretion* to *not order* a presentence investigation report when the judge assesses punishment. See *Stancliff v. State,* 852 S.W.2d 639, 640 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd);

2. The *McClendon* case actually quoted from section 3 of article 42.12, which has since been renumbered section 5. However, the language relied on remains substantially the same.

Although *McClendon* did not involve a material amendment to article 42.12 during the intervening time period, we still find the analysis in *McClendon* to be persuasive. Because a plea proceeding and a later adjudication of guilt are essentially the same proceeding, it is as if the intervening time between the two proceedings had never passed. Therefore, we conclude that because the waiver of PSI was valid at the original plea proceeding, it remained valid at the subsequent adjudication of guilt and assessment of punishment. We overrule appellant's first five points of error.

The discussion of the remaining points of error does not meet the criteria for publication. Tex.R.App.P. 90. It is thus ordered not published.

The judgment is affirmed.