Kendall JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–93–01077–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 23, 1994.

Discretionary Review Granted
Sept. 21, 1994.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Alan Curry and Ted Wilson, Harris, for appellees.

Before MIRABAL, DUGGAN and WILSON, JJ.

## OPINION

MIRABAL, Justice.

Appellant, Kendall Johnson, asserts the trial court erred in denying habeas corpus relief. We affirm.

Appellant was indicted for possession of cocaine, weighing at least 400 grams, with intent to deliver (in cause number 655,510), and for possessing a taxable substance for which the tax had not been paid (in cause number 655,511). When the Houston police arrested appellant, they seized: $11,574 in cash; a 1989 BMW; a gold bracelet; a gold necklace; gold-rimmed sunglasses; a nugget ring; a watch; a mobile phone; and a pager.

The State sought forfeiture of all the items seized except the phone and pager. The parties reached an agreement, and on June 24, 1993, the trial court entered an agreed final judgment of forfeiture, reflecting the forfeiture of the $11,547 in cash.

Appellant filed an application for writ of habeas corpus, in which he alleged that the forfeiture constituted a punishment and that his further prosecution in cause numbers 655,510 and 655,511 was barred by the double jeopardy clause of the fifth amendment.[1] The trial court denied appellant's application.

In his first point of error, appellant asserts he was punished when his property was forfeited, and the double jeopardy protections of the United States Constitution bar prosecution of the indicted offenses. The double jeopardy clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). This case involves the third of these protections. Appellant relies primarily upon two recent Supreme Court cases, *Halper* and *Austin v. United States*, — U.S. ——, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993).

In *Halper*, the Supreme Court considered whether and under what circumstances a civil penalty may constitute "punishment" for the purposes of double jeopardy analysis. *Halper*, 490 U.S. at 436, 109 S.Ct. at 1895. In *Halper*, the defendant was convicted for submitting 65 false medical claims to the government for reimbursement, in violation of the criminal false claims statute.[2] His false claims amounted to $585. He was sentenced to two years in prison and fined $5,000. The government then brought a civil action against him under the civil false claims statute[3] for the same conduct. The district court granted summary judgment for the government on the issue of liability, but found the civil penalty for which Halper would be liable—$130,000—violated the dou-

ble jeopardy clause. 490 U.S. at 437–39, 109 S.Ct. at 1895–97. The Supreme Court agreed, holding that "under the Double Jeopardy Clause a defendant who has already been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not be fairly characterized as remedial, but only as a deterrent or retribution." *Id.* at 448–49, 109 S.Ct. at 1902. The Court further provided:

> What we announce now is a rule for the rare case, the case such as the one before us, where a fixed-penalty provision subjects a prolific but small-gauge offender to a sanction overwhelmingly disproportionate to the damages he has caused. The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.

*Id.* at 449–50, 109 S.Ct. at 1902. The Court went on to state:

> [T]he only proscription established by our ruling is that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole.

*Id.* at 451, 109 S.Ct. at 1903. The Court remanded the case to the district court to allow the government to provide an accounting of the costs arising out of Halper's fraud. *Id.*, at 452, 109 S.Ct. at 1904.

In *Austin*, the Court considered whether the excessive fines clause of the eighth amendment[4] applies to forfeitures of property under 21 U.S.C.A. §§ 881(a)(4), (7) (West

---

1. U.S. CONST. amend. V.

2. 18 U.S.C.A. § 287 (West Supp.1994).

3. 31 U.S.C.A. § 3729 (West Supp.1994).

4. U.S. CONST. amend. VIII.

Supp.1994).[5]  *Austin,* —— U.S. ——, 113 S.Ct. at 2803. Austin pled guilty to one count of possessing cocaine with intent to distribute and was sentenced by the state court to seven-years imprisonment. Shortly thereafter, the United States filed an *in rem* action in the United States district court, seeking forfeiture of Austin's mobile home and auto body shop, and obtained a summary judgment. *Id.* The Court noted that forfeitures generally, and statutory *in rem* forfeitures in particular, have historically been understood, at least in part, as punishment. *Id.* at ——, 113 S.Ct. at 2810. The Court stated,

> In light of the historical understanding of forfeiture as punishment, the clear focus of §§ 881(a)(4) and (a)(7) on the culpability of the owner, and the evidence that Congress understood those provisions as serving to deter and to punish, we cannot conclude that forfeiture under §§ 881(a)(4) and (a)(7) serves solely a remedial purpose.

*Id.* at ——, 113 S.Ct. at 2812. The Court held that forfeiture under the statute constituted punishment, and was therefore subject to the limitations of the eighth amendment's excessive fines clause. *Id.* In a footnote, the Court noted that the double jeopardy clause had been held not to apply in certain civil forfeiture proceedings—cases in which the forfeitures could properly be characterized as remedial, rather than punishment. *Id.* at —— n. 4, 113 S.Ct. at 2805 n. 4.

This Court recently addressed the issue of whether the forfeiture of a radar detector and $2,165 in cash constituted a punishment that would bar a subsequent prosecution for the offenses of aggravated possession of marihuana and possession of marihuana on which no tax had been paid. *Ward v. State,* 870 S.W.2d 659, 660 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). In *Ward,* we noted that article 59.06 of the Code of Criminal

Procedure provides for the disposition of forfeited property, and specifies that forfeited funds and funds derived from the sale of forfeited property shall be used for law enforcement purposes, and drug abuse and chemical dependency treatment programs. *Ward,* 870 S.W.2d at 663; Tex.Code Crim. P.Ann. art. 59.06(c), (h) (Vernon Supp.1994). We found these goals to be clearly remedial in nature. *Ward,* 870 S.W.2d at 663; *Ex parte Rogers,* 804 S.W.2d 945, 950 (Tex. App.—Dallas 1990, no pet.). Because we found the forfeiture statute to be remedial, we held the forfeiture of the appellant's cash and radar detector did not constitute punishment. *Ward,* 870 S.W.2d at 663. We further held, even if the forfeiture statute was punitive rather than remedial, the forfeiture of the appellant's money and property still did not constitute a punishment because we did not believe the relatively modest value of the cash and property forfeited was overwhelmingly disproportionate to the damage the appellant had caused. *Id.*

■ Appellant asserts this Court's holding in *Ward*—that the forfeiture statute was remedial—was incorrect. While we believe the purpose of the statute is remedial, we acknowledge it may not be solely remedial. *See United States v. Hudson,* 14 F.3d 536, 542 (10th Cir.1994) (the fact that a statute may be remedial does not necessarily mean the sanctions imposed thereunder are solely remedial). If the forfeiture does not solely serve a remedial purpose, but also serves as a retributive or deterrent purpose, it is punishment. *Austin,* —— U.S. at ——, 113 S.Ct. at 2812; *Halper,* 490 U.S. at 448, 109 S.Ct. at 1902. We therefore apply the disproportionality analysis of *Halper* to determine if prosecution for the charged offenses will subject appellant to double jeopardy. *See United States v. Borromeo,* 1 F.3d 219, 220–21 (4th

---

**5.** Section 881(a) provides the following shall be subject to forfeiture to the United States:
(4) All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of [controlled substances, their raw materials, and equipment used in their manufacture and distribution]. . . .

. . . .
(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment. . . .

Cir.1993) (court of appeals vacated in part its earlier opinion, in which it found the double jeopardy clause did not apply to civil forfeitures where the property had been an instrument of criminal activity, and, in light of *Austin*, remanded to the district court for consideration of the proportionality of the forfeiture to the defendant's crimes).[6] The relevant inquiry is whether the forfeiture amount approximates the cost of investigating, apprehending, and prosecuting the defendant, or whether the forfeiture relates otherwise to any actual damages that the defendant caused the state. *Department of Revenue v. Kurth Ranch*, — U.S. —, — – —, 114 S.Ct. 1937, 1947–48, 128 L.Ed.2d 767 (1994).[7]

In the case before us, appellant argued in his application for writ of habeas corpus that his forfeiture constituted punishment, and therefore barred his prosecution for the charged offenses. However, the forfeiture, by itself, does not implicate double jeopardy considerations; the forfeiture must be "overwhelmingly disproportionate to the damages appellant caused." *Halper*, 490 U.S. at 449, 109 S.Ct. at 1902. In the trial court, appellant did not assert that the forfeiture was disproportionate to the damages he caused. The record reflects he was indicted for possession of cocaine weighing at least 400 grams, and he forfeited $11,547. The record supports the conclusion that the amount forfeited was not overwhelmingly disproportionate to the damages caused.[8] We overrule point of error one.

In his second point of error, appellant asserts that the double jeopardy provisions of the Texas Constitution bar his prosecution for the charged offenses. The State correctly notes that appellant asserts his Texas constitutional argument for the first time on appeal. In his application for writ of habeas corpus, appellant relied solely on the United States Constitution, and he did not assert the state constitutional issue at his hearing. Appellant has not preserved his state constitutional argument for review. *Dunn v. State*, 819 S.W.2d 510, 526 (Tex.Crim.App.1991). We overrule appellant's second point of error.

We affirm the trial court's judgment.

---

6. At least two federal courts of appeal have held that where the same criminal conduct supported both the defendant's criminal conviction and a civil forfeiture, the simultaneous pursuit by the government of criminal and civil sanctions constituted a single, coordinated prosecution that did not violate the double jeopardy clause. *United States v. One Single Family Residence Located at 18755 North Bay Road*, 13 F.3d 1493, 1499 (11th Cir.1994); *United States v. Millan*, 2 F.3d 17, 19 (2d Cir.1993). Both courts noted that the concern expressed in *Halper*—that a government might act abusively by seeking a second punishment when it was dissatisfied with the punishment levied in the first action—was not present in their cases, where the civil and criminal actions were contemporaneous, and not consecutive. *See Halper*, 490 U.S. at 451 n. 10, 109 S.Ct. at 1903 n. 10; *One Single Family Residence*, 13 F.3d at 1499; *Millan*, 2 F.3d at 20–21.

7. In *Kurth Ranch*, the United States Supreme Court acknowledged that in *Halper*, it had

"recognized that a civil penalty may be imposed as a remedy for actual costs to the State that are *attributable to the defendant's conduct.*" *Kurth Ranch*, — U.S. at —, 114 S.Ct. at 1948. However, the Supreme Court concluded the *Halper* analysis was not applicable to the *tax statute* involved in *Kurth Ranch*, noting there is a material difference between a tax statute and a civil penalty statute. *Id.* Because the case before this Court does not involve a tax statute, but rather involves a civil forfeiture, *Halper* is controlling.

8. We note that the State presented no evidence regarding its costs or damages. However, in light of the fact that appellant never made the argument in the trial court that the amount of the forfeiture was disproportionate to the damages incurred by the State, and considering that the trial court entered an "agreed" final judgment of forfeiture of $11,547, we do not find it necessary to remand this case to the trial court for consideration of the proportionality of the forfeiture, as was done in *Halper* and *Borromeo*.