Anthony Ray **ELMORE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 10–95–050–CR.

Court of Appeals of Texas, Waco.

Aug. 23, 1995.

**432**

Jim Shaw, Fort Worth, for appellant.

Dale S. Hanna, Dist. Atty., Larry Chambless, Asst. Dist. Atty., Cleburne, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

VANCE, Justice.

Anthony Ray Elmore appeals from the denial of his application for a pre-conviction writ of habeas corpus. Because the court correctly denied the application, we will affirm.

Elmore is charged with possession with intent to deliver approximately one-half kilo of cocaine. Hal Brasier, an officer with the Department of Public Safety's S.T.O.P. Nar-

cotics Task Force, testified that Elmore was to have delivered the controlled substance to him at a rest area on Interstate Highway 35W in Johnson County. When officers tried to arrest Elmore, he attempted to flee in his vehicle, running over a curb and striking a restroom facility. Brasier rammed Elmore's vehicle, and Elmore fled on foot carrying a brown paper sack. Officers in a helicopter saw Elmore place the sack under a wooden crate or box, where it was later found. It contained the cocaine. Elmore was arrested when he was found in an abandoned shed.

The State initiated proceedings under Chapter 59 of the Code of Criminal Procedure to forfeit items of personal property seized from Elmore at the rest area: a 1988 Ford Mustang automobile having a value of $3,500; a cellular phone valued at $200; and $185 in cash. *See* TEX.CODE CRIM.PROC.ANN. arts. 59.01–59.11 (Vernon Supp.1995). Elmore agreed to a judgment of forfeiture. He now contends that he has been punished for the offense by the judgment of forfeiture and that further prosecution for possession with intent to deliver cocaine is barred by the Double Jeopardy Clause of the United States Constitution. *See* U.S. CONST. amend. V. The court heard the application for writ of habeas corpus and denied relief.

■ The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after an acquittal; a second prosecution for the same offense after a conviction; and multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). A defendant convicted and punished for an offense may not have a non-remedial civil penalty imposed against him for the same offense in a separate proceeding.[1] *Id.* at 448–51, 109 S.Ct. at 1902–03. When the state forfeits property, the protection against multiple punishments is implicated. *Fant v. State,*

---

1. Halper had filed 65 false medical claims totalling $585. He was assessed a two-year prison term and a $5,000 fine. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The government then brought a civil suit for the same conduct seeking $130,000 as a civil penalty (65 times $2,000 per false claim). *Id.* at 437–38, 109 S.Ct. at 1896. The civil penalty was barred as additional punishment to the extent that it exceeded an "approximation of the Government's costs."

881 S.W.2d 830, 832 (Tex.App.—Houston [14th Dist.] 1994, pet. granted).

Differing views have been expressed about the effect the forfeiture statute has on criminal prosecutions. The First Court of Appeals found that a forfeiture of $2,165 in cash and a radar detector did not bar a prosecution for possession of 78 pounds of marihuana. *Ward v. State,* 870 S.W.2d 659, 663 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd), *vacated,* —— U.S. ——, 115 S.Ct. 567, 130 L.Ed.2d 485 (1994). The court held that Chapter 59 is "remedial" in nature and, under *Halper,* determined that a forfeiture under the statute is not necessarily additional "punishment." *Id.* (citing *Halper,* 490 U.S. at 449–50, 109 S.Ct. at 1902). The court then found that the amount forfeited was not overwhelmingly disproportionate to the damage Ward had caused. *Id.*

The First Court also applied the disproportionality analysis discussed in *Halper* and *Kurth Ranch*—*i.e.,* whether the forfeiture approximates the cost of investigating, apprehending, and prosecuting the defendant, or whether the forfeiture relates otherwise to any actual damages that the defendant caused the state—to determine that a forfeiture of $11,574 in cash did not bar a prosecution for possession of over 400 grams of cocaine with intent to deliver. *Johnson v. State,* 882 S.W.2d 17, 20 (Tex.App.—Houston [1st Dist.] 1994, pet. granted) (citing *Halper,* 490 U.S. at 449, 109 S.Ct. at 1902, and *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, —— – ——, 114 S.Ct. 1937, 1947–48, 128 L.Ed.2d 767 (1994)).

The Fourteenth Court of Appeals, on the other hand, considered whether the forfeiture of $3,823 in cash and a cellular telephone barred prosecution for possession of a controlled substance with intent to deliver. *Fant,* 881 S.W.2d at 831. The court adopted the conclusion of *Austin v. United States* [2] that forfeitures have been historically understood, at least in part, as "punishment." *Id.* at 833 (citing *Austin v. United States,* —— U.S. ——, —— – ——, 113 S.Ct. 2801, 2806–10, 125 L.Ed.2d 488 (1993)). Because the Texas forfeiture statute contains an "innocent owner" defense, the court reasoned that the statute demonstrated a legislative intent to impose the penalty on only those involved in criminal activity. Noting the language in *Halper* that focused on whether a civil sanction could be said to be *solely* remedial, the court found that our statute, although partly remedial, is punitive in nature. *Id.* at 834. Thus, it held that Fant had already been punished for the criminal conduct and that further punishment for the same conduct was barred. *Id.* Elmore relies on *Fant* for obvious reasons. *See id.*

■ The Court of Criminal Appeals will ultimately decide which view is correct. *Fant,* 881 S.W.2d at 834; *Ward,* 870 S.W.2d at 663; *Johnson,* 882 S.W.2d at 20. We predict that it will follow *Ward* and *Johnson* and hold that the forfeiture statute is remedial in nature. TEX.CODE CRIM.PROC.ANN. arts. 59.01–59.11. Thus, a forfeiture will not be considered "punishment" unless the amount forfeited is unjustly disproportionate to the cost of investigating, apprehending, and prosecuting the defendant, or is not otherwise rationally related to the goal of making the state whole. *Halper,* 490 U.S. at 450–51, 109 S.Ct. at 1903.

■ Brasier testified without objection that the investigation of Elmore's activities surrounding the proposed delivery of the cocaine, including the time of over thirty officers and the surveillance and arrest, cost the State approximately $18–20,000. The total value of the property forfeited was less than $4,000. Based on the evidence, the court was justified in finding that the amount of Elmore's property that was forfeited was not so disproportionate to the cost that he caused the State as to constitute "punishment." *See id.*

We overrule Elmore's point and affirm the judgment denying the application for writ of habeas corpus.

2. *Austin* is an Excessive Fines Clause case.