The STATE of Texas, Appellant,

v.

Miguel ROMERO, Appellee.

Nos. 01–94–01219–CR, 01–94–01220–CR and 01–94–01221–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 10, 1995.

Rehearing Overruled Sept. 14, 1995.

John B. Holmes, Jr., Alan Curry, Kate Dolan, Houston, for appellant.

Stanley G. Schneider, Houston, for appellee.

Before OLIVER–PARROT, C.J., and TAFT and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

We are again confronted with the issue of whether a civil forfeiture is "punishment" for purposes of double jeopardy protection.

### Fact summary

On January 13, 1994, the State charged the defendant with the offenses of possession of marihuana (cause number 678626) and possession of a controlled substance with intent to deliver (cause number 678627). On May 10, 1994, the trial court issued a forfeiture judgment against the defendant for $69,160 in cash, a 1980 Ford, and three scales. The State requested the court set aside the final judgment in the forfeiture action, and on June 9, 1994, the trial court granted it. On August 12, 1994, the court signed a judgment which returned $2,500, a 1990 Ford truck, and other miscellaneous items to counsel for the defendant, and released the rest of the money, $69,160, the 1980 Ford, and the scales to the State.

The State Comptroller assessed and sought to collect a controlled substance stamp tax of $475,726 from the defendant in connection with the marihuana seized. The State seized $3,246.04 from the defendant's bank account to, in part, satisfy his stamp tax debt, but the remaining amount owed was put in abeyance pending resolution of the criminal proceeding.[1]

The defendant filed an application for a pretrial writ of habeas corpus (cause number 9423574), asserting his criminal prosecution should be barred by double jeopardy because of the forfeiture action. After granting the writ and holding a hearing, the trial court granted the defendant's requested relief. The State appeals.

### The Habeas Hearing

At the habeas hearing, Frank Fulbright, a detective with the Harris County Sheriffs Department who works with the Harris County Organized Crime Task Force, testified as follows. On October 25, 1993, Fulbright investigated a small warehouse storage facility after obtaining information from an informant. The task force seized two pounds of cocaine, with a street value of $638,575,210 pounds of marijuana, with a street value of $410,000, and $71,660 in currency, as well as guns, scales, records, and briefcases. Fulbright spent 24 hours total working on the investigation. Six of the officers on the task force spent about eight hours in the investigation, while two others had about four or five hours involvement.

The defense attorney attempted to cross-examine Fulbright on the amount of time he took in the investigation, arguing it could not have been more than 12 hours. After several minutes of discussion, the trial court instructed the defense attorney not to get into how much time the officers spent in the investigation. Fulbright also testified he was deposed for several hours in connection with this case.

John Couffel, City of Baytown administrative director of the Harris County Organized Crime Narcotics Task Force, stated the task force is funded through a grant program through the federal government. Couffel testified the funds recovered through the forfeiture proceedings are used to accumu-

---

1. The notice of levy on the $3,246.04 was filed October 27, 1993.

late matching funds from the local community. The prosecutor asked the court to take judicial notice of the court's files involving the case, the number of appearances required to be made in the case, and the court staff and their appearances in connection with the case. The State put on no specific evidence regarding its costs or damages in connection with the case.

In its closing statement, the State argued the forfeiture statute was remedial, not punitive, and that the court could look at all the damages to society, not just the cost to the government for the prosecution. The State argued that by forfeiture, it took merely the proceeds of the crime.

In his closing statement, defense counsel argued the State did not prove the amount expended in the investigation was proportionate to the amount of money forfeited. The defense attorney pointed out he tried to cross-examine the officer about the amount of time that was spent on the investigation but the State objected and the court sustained the objection. Therefore, he argued, the court could not consider the "damages" the State suffered as a result of the investigation.

In its order granting the defendant's requested relief, the court stated:

> This Court, having considered said application and having heard the evidence presented, as well as the argument of counsel, and having found and concluded the forfeiture proceeding aforesaid was punitive in nature, arose out of the same occurrence as the criminal prosecutions aforesaid and the amount forfeited was overwhelmingly

disproportionate to the damages allegedly caused by the Applicant, is of the opinion, and hereby rules, further criminal prosecution of the Applicant is barred by the double jeopardy provisions of the Fifth Amendment to the United States Constitution and Article 1 § 14 of the Texas Constitution, and said application should be GRANTED....[2]

In the State's sole point of error, it contends the trial court erred in holding it is prevented from prosecuting the defendant for the offenses of possession of marihuana and possession of a controlled substance with intent to deliver based upon the earlier forfeiture judgment.

## Standards of Review

It is the burden of the defendant at a habeas hearing to present evidence in support of his allegation of former jeopardy. *Hoang v. State*, 810 S.W.2d 6, 8 (Tex.App.— Dallas 1991), *aff'd*, 872 S.W.2d 694 (Tex.Crim. App.1993). The trial court is the sole judge of credibility of the witnesses testifying at a habeas proceeding and its ruling should not be overturned absent a clear abuse of discretion. *Ex Parte Shutter*, 868 S.W.2d 383, 387 (Tex.App.—Houston [1st Dist.] 1993, no pet.). This Court is not at liberty to disturb any finding that is supported by the record. *Id.*

## Agreed Judgment

On appeal, the State argues the defendant waived the issue of double jeopardy by signing the agreed judgment.[3] The State did not make this argument before the trial court at the writ hearing. We will not con-

---

2. The trial court's judgment refers to granting the application for a writ of habeas corpus, rather than granting the relief requested, *i.e.,* that the habeas corpus applicant be either admitted to bail or discharged from custody. *See* Tex.Code Crim.Proc.Ann. art. 11.44 (Vernon 1977); *LeBlanc v. State*, 826 S.W.2d 640, 642–43 (Tex.App.— Houston [14th Dist.] 1992, pet. ref'd).

3. Much of the testimony at the habeas hearing involved the issue of the agreed judgment. The defendant used the evidence about the agreed judgment to show he had been subjected to triple jeopardy. The defendant showed how the State and the defendant signed an agreed judgment, and that the court signed that judgment. Later, without notice to the defendant, the State filed a motion to withdraw that judgment, which the court granted. The case was then returned to the trial docket. The State then filed a second judgment, which the defendant signed and the trial court signed. *During the habeas hearing and in closing arguments, the State did not argue that the agreed judgment abrogated the defendant's claim of double jeopardy.*

sider a challenge to the court's order that was not presented to the trial court. We find the State waived the argument. TEX. R.APP.P. 52(a); *Daniel v. State*, 877 S.W.2d 75, 77 (Tex.App.—Houston [1st Dist.] 1994, no pet.)

### Forfeiture Statute

The State invites us to reexamine our decision in *Johnson v. State*, 882 S.W.2d 17 (Tex. App.—Houston [1st Dist.] 1994, pet. granted). We decline.

■ In *Johnson*, we held that the forfeiture statute "may not be solely remedial" and a civil forfeiture bars a later criminal prosecution if the amount forfeited is not proportionate to the cost to the government of investigating the case. 882 S.W.2d at 19. In a forfeiture action, the burden is on the defendant to raise the issue of whether there is a rational relationship between the amount of the forfeiture and the goal of compensating the government. *See id.* at 20 n. 8. Once the defendant raises the issue, it is the State's burden to show the forfeiture or penalty is proportionate to the damages it incurred by the defendant's actions. *See United States v. Halper*, 490 U.S. 435, 452–53, 109 S.Ct. 1892, 1903–04, 104 L.Ed.2d 487 (1989) (case remanded to the district court for the state to account for its actual costs arising from the defendant's criminal activity).

### Proportionality Test

In oral argument before this court, the State made an alternative argument that, if we re-affirm *Johnson* and apply the proportionality test, we should find that the State met its burden of proving proportionality. The State did not make that argument before the trial court at the writ hearing or in its brief filed in this Court. The focus of the State's argument is that the amount of the drugs seized is worth several times more than the amount of the property forfeited.

At the hearing, the State showed the value of the drugs was $1,048,575 (value of cocaine $638,575; value of marihuana $410,000). The

State proved eight officers worked on the case, one officer for 24 hours, six officers worked for eight hours, and two officers for five hours. The State did not offer proof of the cost of the investigation. When the defendant attempted to cross-examine the officer for more details of the costs of the investigation, the court sustained the State's objection. The trial court found the forfeiture was "overwhelmingly disproportionate" to the damages caused by the defendant.

In *Johnson*, we upheld the lower court's denial of the defendant's writ of habeas corpus. 880 S.W.2d at 20. We found $11,547 was not disproportionate to the expense to the government. In *Halper*, the court found the $130,000 penalty was disproportionate to the government's actual damages of $585.

■ We find the trial court did not abuse its discretion in finding $69,160 is disproportionate to the expense to the government. We overrule the State's sole point of error.

### Comptrollers' Tax

Because we overrule the State's sole point of error, we do not need to reach the defendant's argument that the tax was punitive. *See Department of Revenue of Montana v. Kurth Ranch*, —— U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

### Conclusion

We reaffirm our holding in *Johnson*; the forfeiture statute is punitive as well as remedial. We find the trial court did not abuse its discretion in finding the $69,160 forfeiture was disproportionate to the State's cost of investigating the offense. We hold jeopardy attached and the State is barred from prosecuting the defendant. We affirm.

TAFT, J., dissenting.

TAFT, Justice, dissenting.

The majority opinion affirms the trial court's order granting habeas corpus relief to appellee, Miguel Romero. I respectfully dissent.

## Overlooked Threshold Issue

An analysis of the Texas cases that have addressed the double jeopardy problem arising from forfeiture of property recovered in a drug bust followed by criminal prosecution for drug offenses out of the same transaction reveals that a threshold issue has been overlooked. It is that double jeopardy protection applies to multiple punishments for the *same offense,* not to multiple punishments for matters which *arise from the same occurrence.* It appears that everyone has been so intent on addressing the issue of whether the forfeiture statute is punitive or remedial that no attention has been given to whether double jeopardy protection is even applicable.

For example, in *Ward v. State,* 870 S.W.2d 659 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd), *vacated and remanded, Ward v. Texas,* —— U.S. ——, 115 S.Ct. 567, 130 L.Ed.2d 485 (1994), this Court set out the assertion in the applicant's writ of habeas corpus that he "suffered a fine and forfeiture, clearly penal in nature, *arising out of the transaction* leading to Applicant's criminal prosecution." 870 S.W.2d at 660 (emphasis added). This court then set out the standard that the double jeopardy clause protects against, *inter alia,* multiple punishments for *the same offense. Id.*

In *Fant v. State,* 881 S.W.2d 830 (Tex. App.—Houston [14th Dist.] 1994, pet. granted), the Fourteenth Court of Appeals considered the question of "whether double jeopardy bars appellant's trial for possession of a controlled substance with intent to deliver, after the State has obtained a forfeiture judgment *arising out of the same criminal occurrence." Id.* at 831 (emphasis added). The holding was that Fant had "already been punished for his *criminal conduct* by the forfeiture of his property, and the Double Jeopardy Clause of the United States Constitution prohibits further punishment by the State for the *same incident." Id.* at 834 (emphasis added). The court suggested that "if the State wishes to proceed against an individual by prosecuting him criminally and instituting civil forfeiture proceedings for

conduct *arising out of the same criminal occurrence,* it must do so in the same proceeding." *Id.* (emphasis added).

In *Johnson v. State,* 882 S.W.2d 17 (Tex. App.—Houston [1st Dist.] 1994, pet. granted), the focus was solely on whether the forfeiture statute constituted punishment. Nothing was said about whether the punishment was for the same offense or for offenses arising out of the same transaction.

In the three leading cases from the United States Supreme Court, no issue has been made of this threshold requirement of double jeopardy analysis. In *United States v. Halper,* 490 U.S. 435, 437–38, 109 S.Ct. 1892, 1896, 104 L.Ed.2d 487 (1989), the elements of the criminal and civil statutory violations appear to have been substantially similar so as to have constituted the same offense for purposes of double jeopardy. In *Austin v. United States,* —— U.S. ——, 113 S.Ct. 2801, 2803, 125 L.Ed.2d 488 (1993), the challenge was based on the Eighth Amendment's excessive fines clause, not the Fifth Amendment's double jeopardy protection. In *Department of Revenue of Montana v. Kurth Ranch,* —— U.S. ——, 114 S.Ct. 1937, 1941, 128 L.Ed.2d 767 (1994), the issue was whether a tax on the possession of illegal drugs assessed after the State had imposed a criminal penalty for the same conduct may violate the double jeopardy provision of the Fifth Amendment.

## Scope of Double Jeopardy Protection

Both the Texas and federal constitutions provide double jeopardy protection from being punished twice for *"the same offense "*:

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; *nor shall any person be subject for* **the same offense** *to be twice put in jeopardy of life or limb* ; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of

life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

U.S. CONST. amend. V (emphasis added).

*No person, **for the same offense**, shall be twice put in jeopardy of life or liberty,* nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction.

TEX. CONST. art. I, § 14 (emphasis added).

Protection from being twice punished for offenses which arose out of the same transaction or occurrence was formerly provided in Texas by the doctrine of "carving." *Ex parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Crim. App.1980) (opinion on reh'g) (abandoning the carving doctrine). Carving had previously allowed the prosecutor to carve as large an offense out of a transaction as he could, but permitted him to cut only once. *Id.* at 828 (Clinton, J., dissenting). Carving was not based on any constitutional or statutory provision, but upon a tradition which proved to be unsound. *Id.* at 822–23.

### The Order Below

The order of the trial court acknowledged that appellee's application for writ of habeas corpus sought to bar further criminal prosecutions pending in the 232nd District Court in cause numbers 678,626 and 678,627 on principles of double jeopardy based upon a prior forfeiture proceeding in cause number 93–058525, styled *The State of Texas v. $71,-660.00 in U.S. Currency, et al.,* previously pending in the 151st District Court of Harris County, Texas. The pertinent portion of the order stated:

... The Court, having considered said application and having heard the evidence presented, as well as the argument of

counsel, and having found and concluded that the forfeiture proceeding aforesaid was punitive in nature, *arose out of the same occurrence as the criminal prosecutions aforesaid* and that the amount forfeited was overwhelmingly disproportionate to the damages allegedly caused by the Applicant, is of the opinion, and hereby rules, that further criminal prosecution of the Applicant is barred by the double jeopardy provisions of the fifth Amendment to the United States Constitution and Article 1, § 14 of the Texas constitution ...

(emphasis added).[1]

### Order Exceeded Proper Scope

The trial court's order based a violation of double jeopardy on multiple punishments for matters which "arose out of the same occurrence," not on multiple punishments for the same offense. It might be argued that the trial court merely utilized unartful language in its order, and that what was meant was a violation of double jeopardy because the forfeiture proceeding and the criminal prosecutions involved the same offense. Noticeably absent, however, is any comparison of elements required by the *Blockburger*[2] rule. Furthermore, even though the State stipulated to the fact that the forfeiture proceedings and the criminal prosecutions involved matters which arose out of the same transaction, appellee did not offer any proof that the forfeiture proceedings and the criminal prosecutions concerned the same offense.

Indeed, it is unlikely that a forfeiture proceeding and a criminal prosecution will involve the same offense for purposes of double jeopardy analysis per the *Blockburger* test. The forfeiture proceeding is concerned with contraband, which is defined as property of any nature which is: (1) used or intended to be used in the commission of certain felonies,

---

1. The trial court crossed out the paragraph of the order which would have dismissed with prejudice the criminal prosecutions pending in cause numbers 678,626 and 678,627. Therefore, I would hold that the appeals in those cases be dismissed for want of any appealable order in their regard.

2. *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test is satisfied if each statutory offense requires the proof of a fact that the other does not. *McWilliams,* 634 S.W.2d at 824.

including controlled substances offenses; (2) the proceeds gained from the commission of such a felony; or (3) acquired with proceeds gained from the commission of such a felony. TEX.CODE CRIM.PROC.ANN. art. 59.01(2) (Vernon Supp.1995). Controlled substance offenses are concerned with the possession, manufacture, or delivery of controlled substances. Usually, the contraband itself in a forfeiture case is an element which is not present in the allegation of a controlled substance offense, while possession or delivery of the controlled substance itself is not an element of the forfeiture proof.

. The only scenario in which the seized contraband and the controlled substance subject to prosecution are the same is one in which there is no need for forfeiture proceedings under TEX.CODE CRIM.PROC.ANN. art. 59.01–.11 (Vernon Supp.1995) because the controlled substance is subject to summary forfeiture and destruction pursuant to TEX. HEALTH & SAFETY CODE ANN. § 481.153 (Vernon Pamph.1990). The only other scenario in which the same offense could be common to both a forfeiture and a criminal prosecution is where the contraband is used, or intended to be used, in the very offense subject to the criminal prosecution; for example, where the car is being used to deliver the very controlled substance which is charged in the criminal prosecution, or the scales are used to weigh the very controlled substance which is delivered and made subject to the criminal prosecution, or the money seized is the payment for the very controlled substance the delivery of which is prosecution in the criminal court.

Here, appellee presented no evidence to show that the contraband seized was not merely proceeds, or property acquired with proceeds, from the commission of controlled substances transactions other than those which were the subject of the criminal prosecutions in question. Therefore, not only did the trial court's order erroneously find a violation of double jeopardy based on multiple punishments for matters arising out of the same occurrence, but it found a violation of double jeopardy in the absence of evidence

that the matters in question constituted the same offense. Where the threshold requirement for double jeopardy analysis was not met, it is unnecessary to address whether the Texas forfeiture statute is punitive or remedial.

### Conclusion

I would reverse the trial court's order and dismiss the appeals of the two criminal cases. To the majority's decision to affirm the trial court's order, I respectfully dissent.