Doan Phi NGUYEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00973–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 6, 1996.

Rehearing Overruled June 18, 1996.

Michael J. Monks, Bellaire, for Appellant.

John B. Holmes, Jr., Alan Curry and Margaret Harris, Houston, for Appellee.

Before ANDELL, TAFT and PRICE,[1] JJ.

## OPINION

ANDELL, Justice.

In this appeal, we are asked to decide whether a default judgment resulting in civil forfeiture of a car belonging to appellant, Doan Phi Nguyen, was punishment invoking double jeopardy protection. We withdraw our order of April 11, 1996, abating the appeal. We reverse and remand to permit the State to provide an accounting of its costs to determine if the forfeiture was disproportionate.

### Facts

On December 19, 1994, appellant was arrested and charged with delivery of 400 grams of cocaine.[2] At the time the officers arrested appellant, they seized his car, a 1991 Honda Accord. On January 4, 1994, the State filed an original notice of seizure and intended forfeiture. In its petition, the State alleged the property was contraband as defined by Tex.Code Crim. P. Ann. art. 59.01 (Vernon Supp.1996). A certified copy of the petition was delivered to appellant on January 12, 1995. He did not respond to the petition or appear at the hearing. A default judgment was rendered against the car and its owner, appellant, on March 14, 1995.

Appellant filed an application for a pretrial writ of habeas corpus. After granting the writ and holding a hearing, the trial court denied the requested relief. Appellant offers "grounds for review" instead of points of

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

**2.** *See* Tex Health & Safety Code Ann. § 481.112(f) (Vernon Supp.1996).

error. These may be summed up, however, as a single argument: the civil forfeiture was punishment, thus a later prosecution for the drug offense is barred by double jeopardy. Therefore, the trial court erred by not dismissing the case.

### The Habeas Hearing

At the habeas hearing, appellant testified as follows: He received notice of the seizure and intended forfeiture but didn't understand it. The car was worth $15,000 and was his only property of value. The arresting officers had phoned him about 20 times before the face-to-face meeting resulting in his arrest. The State argued the default judgment showed appellant had claimed no interest in the car. Given this, he had not shown he was punished or that jeopardy had attached. In response, appellant said he was a named party to the proceedings, owned the car, and was punished by its forfeiture. He also argued the punishment was excessive and was disproportionate to the costs to the State. The State presented no evidence concerning its costs. After the court denied the writ, the State noted it had been prepared to present such evidence, had the court ruled appellant had "shifted the burden."

### Double Jeopardy

■ The double jeopardy protections of the United States Constitution guard against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). This case involves multiple punishments for the same offense.

### 1. Same Offense

■ A threshold issue to be determined is whether the forfeiture proceeding and the criminal prosecution involve the same offense. Under *Blockburger v. United States,* the test is whether each statutory provision requires proof of an additional fact the other does not. 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The forfeiture statute deals with contraband, defined as property: (1) used or intended to be used in the commission of enumerated felonies; (2) proceeds gained from the commission of these felonies; or (3) acquired with proceeds so gained. TEX.CODE CRIM. P. ANN. art. 59.01(2) (Vernon Supp.1996). The State argues appellant did not meet his burden of showing the forfeiture was based on the contraband being used in the commission of the offense. When contraband is used in the exact offense subject to criminal prosecution, the seizure of the contraband arises from the same offense. *State v. Romero,* 907 S.W.2d 858, 864 (Tex.App.—Houston [1st Dist.] 1995, pet. filed) (Taft, J., dissenting). In this case, the car used to deliver the cocaine was seized at the time of the arrest. Accordingly, we hold the forfeiture arose from the same offense.

### 2. Default Judgment

■ We must determine whether appellant was penalized by the forfeiture. The State uses the nature of the judgment to argue appellant has not yet been punished, *i.e.,* because it was a default judgment, appellant claimed no interest in the property and cannot now claim to be punished by its forfeiture. This presents an issue of first impression for which there is no authority directly on point. In the authority relied upon by the State, the defendants were neither identified as owners of the property nor named as parties, and could not become parties to the forfeiture proceedings unless they filed claims to the property. *See United States v. Penny,* 60 F.3d 1257, 1262 (7th Cir.1995); *United States v. Arreola–Ramos,* 60 F.3d 188, 192–93 (5th Cir.1995); *United States v. Torres,* 28 F.3d 1463, 1465–66 (7th Cir.), *cert. denied,* — U.S. ——, 115 S.Ct. 669, 130 L.Ed.2d 603 (1994). In each of these cases, the defendants did not file any claims to the forfeited property. Here, no one disputes appellant is the legal owner of the forfeited car. In addition, the default judgment was rendered against both the property and the appellant, who is named in the judgment. This was not an agreed settlement and, unlike the defendant in *Cavazos v. State,* appellant did not voluntarily relinquish the car to

the police as part of a drug deal. 899 S.W.2d 5, 8 (Tex.App.—San Antonio 1995, no pet.).

Appellant argues the State is judicially estopped from claiming appellant's interest in the property was not affected because he is named in the petition and the judgment, and his interests were extinguished by the judicial act of forfeiture. We agree. There is no legal basis to require appellant, as the owner of the property, to take additional steps to claim an interest in the property. Nor is there any justification to treat the default as a voluntary relinquishment. We hold a default judgment is gauged by the same standard as other judgments, and may be punishment if it is disproportionate.

### 3. Multiple Punishments

■ The State argues the double jeopardy clause does not apply to the civil *in rem* forfeiture of appellant's property. It contends the forfeiture statute is solely remedial and, therefore, double jeopardy is not implicated by a later criminal prosecution. Appellant argues the statute is punitive on its face, and the forfeiture automatically constituted punishment. In *Halper,* the Supreme Court considered whether and under what circumstances a civil penalty may constitute punishment for the purposes of double jeopardy. 490 U.S. at 446, 109 S.Ct. at 1901. The Court announced the "disproportionality rule" to determine whether a sanction imposed upon a defendant is overwhelmingly disproportionate to the damages he has caused, and therefore is more "punishment" than remediation. 490 U.S. at 449–50, 109 S.Ct. at 1902. In *Austin v. United States,* 509 U.S. 602, 608 n. 4, 113 S.Ct. 2801, 2805 n. 4, 125 L.Ed.2d 488 (1993), the Court noted the double jeopardy clause had been held not to apply in certain civil forfeiture proceedings in which the forfeitures could properly be characterized as remedial, rather than punishment. Appellant applies a principle enumerated in *Austin* to argue the *Halper* "disproportionality rule" should not apply to his case because forfeitures, unlike penalty statutes, bear no predetermined or rational relationship to the damages suffered by the government and are designed to punish. See

*Austin,* 509 U.S. at 619–621, 113 S.Ct. at 2811–12.

■ In *Johnson v. State,* 882 S.W.2d 17, 19 (Tex.App.—Houston [1st Dist.] 1994, pet. granted), we determined the purpose of the forfeiture statute was remedial, but not always solely remedial. We also held if the forfeiture does not solely serve a remedial purpose, but also serves a retributive or deterrent purpose, it is punishment. *Id.* (citing *Austin,* 509 U.S. at 621, 113 S.Ct. at 2812). This Court has repeatedly applied the disproportionality analysis of *Halper* to determine if prosecution for a criminal offense after imposition of a civil sanction would subject the defendant to double jeopardy. *State v. Garza v.,* 908 S.W.2d 60, 63 (Tex.App.—Houston [1st Dist.] 1995, pet. filed); *Romero,* 907 S.W.2d at 861; *Johnson,* 882 S.W.2d at 20. The standard for measuring proportionality is whether the forfeiture amount approximates the cost of investigating, apprehending, and prosecuting the defendant, or whether the forfeiture relates otherwise to any actual damages that the defendant caused the State. *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, ———, 114 S.Ct. 1937, 1947–48, 128 L.Ed.2d 767 (1994).

### 4. Disproportionality Analysis

■ It is a defendant's burden to establish a double jeopardy violation. *Anderson v. State,* 635 S.W.2d 722, 725 (Tex. Crim.App.1982). It is also a defendant's burden to raise the issue of whether there is a rational relationship between the amount of the forfeiture and the goal of compensating the government. *Johnson,* 882 S.W.2d at 20 n. 8. The State argues it is also the defendant's burden to establish disproportionality. It is mistaken in this assertion.

[T]he defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment. We must leave to the trial court the discretion to determine on the basis of such an accounting the size of the civil sanction the Government may receive without crossing the line between remedy and punishment.

*Halper,* 490 U.S. at 449–450, 109 S.Ct. at 1902. Once the defendant raises the issue,

the State has the burden to show the forfeiture or penalty is proportionate to the damages it incurred by the defendant's actions. *Garza,* 908 S.W.2d at 63. We hold appellant met his burden of raising the issue of proportionality.

### Conclusion

■ It is not possible from this record for us to meaningfully address proportionality. We have evidence only of the value of the car ($15,000) and the number of phone calls made by the police to the defendant (20). Appellant raised the issue of proportionality, but the State did not introduce evidence to establish its costs. As noted earlier, the State testified at the habeas hearing it was prepared to introduce this evidence. Accordingly, we reverse and remand this cause to the trial court to permit the State to furnish an accounting of its actual costs so the trial court can determine proportionality based on that accounting.

TAFT, J., dissents.

TAFT, Justice, dissenting.

I respectfully dissent. The State argues appellant did not meet his burden of showing the forfeiture was based on the contraband being used in the commission of the offense. I agree.

The default judgment from the forfeiture proceeding does not specify the definition of contraband relied upon by the State. As pointed out in my dissenting opinion in *State v. Romero,* there are three definitions of contraband, only one of which invokes double jeopardy protection in the situation before us. 907 S.W.2d 858, 863–64 (Tex.App.—Houston [1st Dist.] 1995, pet. filed) (Taft, J., dissenting). The evidence presented at the habeas hearing showed the car in question was used in the commission of the offense for which the State is now prosecuting appellant. This establishes that the State could have employed the "used in the same offense" definition, but it does not rule out the possibility the State could have employed another definition, such as "proceeds from other offenses."

It is appellant's burden in a habeas corpus hearing raising double jeopardy to show that the forfeiture and the subsequent criminal prosecution involve the same offense. Appellant has not done so here. Accordingly, I dissent.