**Ex parte Augustine ARIZA.**

**No. 328–96.**

Court of Criminal Appeals of Texas.

Nov. 20, 1996.

Grady L. Roberts, Jr., Pearsall, for appellant.

Jeffrey L. Van Horn, Asst. State's Attorney, Austin, Matthew Paul, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

PER CURIAM.

Applicant was charged with engaging in organized criminal activity by delivering marihuana. Prior to his trial on this charge the State obtained a civil forfeiture judgment against Appellant's pickup truck in accord with the provisions of Chapter 59 of the Code of Criminal Procedure. Applicant filed a pre-trial application for a writ of habeas corpus contending that the pending criminal prosecution was barred by double jeopardy provisions because he had already been punished by the forfeiture of his truck. The trial court denied relief and Applicant appealed. The Court of Appeals reversed the trial court's ruling, holding that the forfeiture constituted punishment for double jeopardy purposes. The court ordered that habeas relief be granted. Ex parte *Ariza,* 913 S.W.2d 215 (Tex.App.—Austin 1996).

The State filed a petition for discretionary review contending that the civil forfeiture was not punishment for double jeopardy purposes. After the date on which the Court of Appeals issued its opinion in this case, this Court addressed the same issue in *Fant v. State,* 931 S.W.2d 299 (Tex.Cr.App. 1996). In *Fant* we held that Chapter 59 civil *in rem* forfeitures do not constitute punishment under the Double Jeopardy Clause of the Fifth

Amendment. *Id.,* at 219. Accordingly, we summarily grant the State's petition for discretionary review, reverse the judgment of the Court of Appeals, and affirm the trial court's order denying relief.