**Ex parte Miguel ROMERO, Appellee.**

**The STATE of Texas, Appellant,**

**v.**

**Miguel ROMERO, Appellee.**

**Nos. 1259–95 to 1261–95.**

Court of Criminal Appeals of Texas, En Banc.

June 11, 1997.

**348** ■

Stanley G. Schneider, Houston, for appellee.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellee was charged with possession of marihuana and possession of cocaine. In a forfeiture proceeding the trial court entered a judgment releasing cash and personal property to the State. Additionally, according to the Court of Appeals' recitation of the facts, the State Comptroller assessed and sought to collect a controlled substance stamp tax of $475,726 from the defendant in connection with the marihuana. *State v. Romero*, 907 S.W.2d 858, 859 (Tex.App.—Houston [1st Dist.] 1995). The State seized $3,246.04 from Appellee's bank account as partial satisfaction of the stamp tax debt. *Ibid.* The remaining amount owed was put in abeyance pending resolution of the criminal proceeding. *Ibid.*

Appellee filed a pretrial application for writ of habeas corpus asserting his criminal prosecution should be barred by double jeopardy because of the forfeiture action, which he contended was based on these charged offenses. The habeas court granted relief. The State filed a notice of appeal from that order. The State also filed notices of appeal in the criminal causes.

The Court of Appeals affirmed the order granting relief and held that the prosecution of Appellee for the criminal charges after the forfeiture would be double jeopardy. *Romero*, 907 S.W.2d at 861. Appellee also argued on appeal that the habeas court's decision was correct because the tax was punitive, citing *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994). However, because the Court of Appeals overruled the State's point of error, that court found it was unnecessary to address Appellee's alternative argument. *Romero*, 907 S.W.2d at 861. The State petitioned for discretionary review challenging the holding of the Court of Appeals.

At the time of its decision the Court of Appeals did not have the benefit of our opinion in *Fant v. State*, 931 S.W.2d 299 (Tex.Cr. App.1996), which held that the forfeiture of property under Chapter 59 of the Texas Code of Criminal Procedure is a civil in rem proceeding that is neither punitive nor criminal in nature for purposes of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. For the reasons stated in *Fant*, the Court of Appeals erred in upholding the grant of habeas corpus relief based on the civil forfeiture. We grant the State's petition for discretionary review, set aside the judgment of the Court of Appeals, and remand to the Court of Appeals for consideration of Appellee's argument based on the controlled substance tax. See *Stennett v. State*, 941 S.W.2d 914 (Tex. Cr.App.1996).