**The STATE of Texas, Appellant,**

v.

**Miguel ROMERO, Appellee.**

**Nos. 01–94–01219–CR through 01–94–01221–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1997.

Stanley Schneider, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Before O'CONNOR, MIRABAL and TAFT, JJ.

**OPINION**

O'CONNOR, Justice.

Miguel Romero, the appellee, was arrested on drug charges on October 27, 1993. Upon his arrest, the State seized $71,660 and other property. On October 27, 1993, the State Comptroller assessed a controlled substance stamp tax of $475,726 in connection with the drugs and filed a notice of levy. The State seized $3,246.04 from Romero's bank account, in partial satisfaction of the tax.[1] The State filed a forfeiture action against the seized cash and property on November 10, 1993 (trial court cause number 9358525). On August 12, 1994, the trial court signed an agreed judgment releasing to the State $69,-160, a truck, and three scales and to Romero

---

**1.** On April 15, 1994, the remaining tax debt was put in abeyance pending resolution of the criminal proceedings.

$2,500, a truck, and miscellaneous other items.[2]

On January 13, 1994, Romero was indicted for possession of marihuana (trial court cause number 678626) and possession of a controlled substance, cocaine, with intent to deliver (trial court cause number 678627).

On October 6, 1994, Romero filed a pretrial writ of habeas corpus (trial court cause number 9423574, our cause number 01–94–01219–CR), claiming his criminal prosecutions (cause numbers 678626 and 678627) should be barred by double jeopardy because of the forfeiture action (cause number 9358525). There was no mention in the writ of the tax assessment proceeding. The trial court granted Romero habeas corpus relief on November 17, 1994, holding the criminal prosecutions (cause numbers 678626 and 678627) were barred by double jeopardy.

The State appealed[3] and filed a brief in this Court challenging the trial court's ruling. In response to the State's brief, Romero claimed his criminal prosecution was barred by double jeopardy because he had already been punished by (1) the forfeiture action and (2) the assessment of the stamp tax.

This Court affirmed the trial court's order granting relief on the ground that the forfeiture action barred further criminal prosecution. *State v. Romero*, 907 S.W.2d 858, 861 (Tex.App.—Houston [1st Dist.] 1995). The Court of Criminal Appeals vacated our judgment, citing its decision in *Fant v. State*, 931 S.W.2d 299, 309 (Tex.Crim.App.1996), in which it held a forfeiture action is a civil *in rem* proceeding that is neither punitive nor criminal in nature for double jeopardy purposes. *Romero v. State*, 946 S.W.2d 347, 348 (Tex.Crim.App.1997). The Court of Criminal Appeals remanded the case to this Court for consideration of Romero's alternative argument, that the assessment of the stamp tax was punishment which barred later criminal prosecution. *Id.*

We have reviewed Romero's petition for writ of habeas corpus and the order granting habeas corpus relief, and we hold that Romero's alternative argument is not properly before this Court. Romero's only argument in his application for writ of habeas corpus was that the forfeiture constituted punishment and barred further prosecution. The allegation that the assessment of the stamp tax constituted punishment was not included in the writ of habeas corpus, although it was mentioned in passing at the habeas corpus hearing. In the trial court's order granting habeas relief, the court specifically stated the forfeiture proceeding constituted punishment and barred further prosecution. That sole ground for relief has been reversed by the Court of Criminal Appeals.

We may not consider grounds not raised before the trial court. *See State v. Balderas*, 915 S.W.2d 913, 919 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd) (no grounds presented at hearing for new trial would support granting of new trial; new trial improperly granted); *Ex parte Torres*, 941 S.W.2d 219, 220 (Tex.App.—Corpus Christi 1996, pet. ref'd) (defendant argued stamp tax was punitive for first time on appeal; argument waived because not presented in defendant's writ of habeas corpus); *Greenville v. State*, 798 S.W.2d 361, 362–63 (Tex.App.—Beaumont 1990, no pet.) (appellate court was without jurisdiction to consider grounds of appeal not raised to trial court or in petition for habeas corpus relief).

We sustain the State's sole point of error. We reverse the trial court's granting of habeas corpus relief.

Still pending before this Court are trial court cause numbers 678626 (our cause number 01–94–1221–CR) and 678627 (our cause number 01–94–1220–CR), the underlying criminal indictments on which Romero's writ was based. In light of our reversal of the

---

2. Initially, on May 10, 1994, the trial court issued an agreed forfeiture judgment against Romero for $69,160 in cash, a 1980 Ford, and three scales. That judgment was set aside at the State's request on June 9, 1994, and on August 12, 1994, the court rendered the forfeiture judgment on which Romero based his application for writ of habeas corpus.

3. The State may appeal an order in a criminal case that dismisses an indictment or sustains a claim of former jeopardy. TEX.CODE CRIM.P. art. 44.01(a)(1) and (4) (1997).

trial court's granting of habeas relief, we remand cause numbers 678626 and 678627 to the trial court for further proceedings.