**Ex Parte WISENBAKER.**

**No. 01–88–00251–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 10, 1988.

Discretionary Review Refused Feb. 22, 1989.

George Parnham and Stanley Schneider, Houston, for appellant.

John B. Holmes, Dist. Atty., Winston E. Cochran, Asst. Dist. Atty., Harris County, for appellee.

Before SAM BASS, WARREN and STEPHANOW, JJ.

## OPINION

SAM BASS, Justice.

This is an appeal from the denial of a writ of habeas corpus concerning a failure to remit tax funds to the State Comptroller. Appellant contends that trial for these alleged offenses will submit him to double jeopardy in violation of the Fifth Amendment because he has already been subjected to a monetary penalty.

We affirm.

The record shows that Tejas Oil and Gas Company received notice from the State Comptroller that Tejas Oil and Gas Company has failed to pay taxes under the motor fuel-gasoline tax statute, Tex.Tax Code Ann. sec. 153.401 et seq. (Vernon Supp. 1988), in the amount of $334.040.90. A late penalty of $33,404.09 has been assessed by the Comptroller's Office. The record further shows that this sum of money had not been paid as of the date of the hearing on the writ of habeas corpus. The record does not have a copy of any indictments against either Tejas Oil and Gas Company or Houston Madison Wisenbaker, Jr.

Tex.R.App.P. 50(d) places a burden on the party seeking review to bring forward an appellate record sufficient to show error requiring reversal. The record filed in the instant case is incomplete, as shown in the paragraph above.

Appellant raises two different issues, citing *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), to support his double jeopardy argument based on the fact that 1.) appellant has already been subjected to a monetary penalty by the State Comptroller's Office that is the equivalent of a criminal fine; and 2.) he cannot be prosecuted under Tex.Tax Code Ann. sec. 153.403 because section 153.401 is a more specific statute with a lesser penalty range.

■ The auditor for the State Comptroller sent a letter to Tejas Oil & Gas Company explaining and documenting the results of his audit. The accompanying documents indicated that the "taxpayer" for the Comptroller's purposes was Tejas Oil & Gas Company, not the applicant personally.

The audit results were only a determination by the auditor and were in no way an adjudication by a court.

The appellant assumes that assessment of a penalty under section 153.401 constitutes punishment that causes jeopardy to attach, barring a second punishment if and when the applicant is convicted in a criminal trial. We conclude that no penalty has, as yet, been imposed upon either Tejas Oil and Gas Company or Houston Madison Wisenbaker, Jr.

■ We therefore conclude, that in the absence of a complete record we are without authority to review the denial of the writ of habeas corpus and we must accordingly find that the trial court's action was proper.

Appellant's sole point of error is overruled.

We affirm the trial court's order.