Steffen, C. J.,
dissenting:
Respectfully, I dissent. As I will explain, Desimone has suffered no punishment as a result of the civil judgment entered against him, and there is no basis for reversing his criminal conviction on grounds of double jeopardy.
I fully agree with the majority that “[t]he retroactive use of the tax to punish, rather than to seek registration of controlled substances, is the manifest intent of NRS chapter 372A.” However, under the circumstances of this case, I do not agree with the majority’s conclusion that the “payment of a tax pursuant to NRS chapter 372A constitutes punishment.” Aside from the fact that Desimone has not paid the judgment or any part thereof, any payment made by a defendant under the referenced statute would require a refund, as the judgment would be void ab initio whether payment is made or not.
Having agreed that the “civil tax” imposed under chapter 372A is clearly a criminal penalty, it is necessary to evaluate the statute in order to determine its validity for any purpose. NRS 372A.140 provides:
1. The tax and civil penalties assessed by the department are presumed to be valid and correctly determined and assessed. The burden is on the taxpayer to show their incorrectness or invalidity.
2. Any certificate of delinquency or other statement of the amount of tax and penalties determined or assessed by the department is admissible in evidence and is prima facie evidence of the facts it contains.
(Emphasis added.)
It is fundamental beyond the need for citation that any criminal conviction or penalty must be proven by the State under the criminal burden of proof beyond a reasonable doubt. Under chapter 372A the State bears no burden of proof at all, and the defendant “taxpayer,” who is in reality a criminal defendant is required to shoulder the entire burden. See Tehan v. United States ex rel. Shott, 382 U.S. 406, 415 (1966) (“even the guilty are not to be convicted unless the prosecution [can] ‘shoulder the entire *1233 load’”). Moreover, the defendant under chapter 372A is also faced with a presumption that the “tax” and “civil penalties” are “correctly determined and assessed.” We thus have a criminal statute that creates a presumption of guilt concerning the defendant’s liability for payment of the penalty and the amount thereof, and places the burden of proof on the defendant that the assessment of the penalty is unwarranted. To place such criminal liability on defendants under the guise of a tax is simply an unconstitutional denial of due process that renders all such “civil judgments” void.
Desimone’s “civil judgment” was entered pursuant to “[t]he Department’s determination of tax liability [that] was conducted in compliance with the provisions of Chapter 372A of NRS and the regulations promulgated thereunder.” The quoted material from the “Certificate of Tax Delinquency (NRS 372A.140)” was followed by the declaration that “[t]he defendant assessee has been given proper notice of the Department’s determination of liability, and has either exhausted or failed to timely pursue its [sic] administrative remedies.” In short, the “judgment” was entered without a hearing, and by the equivalent of a default in the pursuit of administrative remedies by the defendant.
Since the criminal judgment masquerading in civil attire was void from the beginning, and because it has resulted in no punishment to Desimone, the civil judgment may not be used as a basis for a claim of double jeopardy with respect to Desimone’s conviction, after a bench trial, on one count of possession of a trafficking quantity of a controlled substance. I would simply vacate the civil judgment as void, and affirm Desimone’s criminal conviction on the possession count.
In addition to the above reasoning, I suggest that a mere paper judgment, unpaid, constitutes no punishment to Desimone. The majority relies on United States v. Sanchez-Escareno, 950 F.2d 193 (5th Cir. 1991), cert. denied, 113 S. Ct. 123 (1992), for the proposition that the entry of a judgment that amounts to a criminal penalty is sufficient for purposes of the double jeopardy prohibition. I do not agree.
In Sanchez-Escareno the defendants were arrested for the illegal importation of marijuana and, thereafter, civil penalties were imposed upon each defendant. The civil penalties preceded the criminal prosecutions, and since the defendants did not or could not pay the civil fines, each defendant signed a promissory note agreeing to pay the stipulated fine. Id. at 195-197. Thereafter, the defendants challenged the criminal proceedings on double jeopardy grounds stemming from the civil penalties. As noted by the majority in the instant case, the Sanchez-Escareno court rejected the argument, stating that the execution of the promissory notes, *1234 “in the absence of a judgment or payment by appellees, does not constitute ‘punishment’ under the Double Jeopardy Clause.” Id. at 201 (emphasis added).
Despite the reference to a judgment by the Sanchez-Escareno court, the rationale of the holding undermines the reference to a judgment. For example, the court states that the purpose of the promissory notes was only to obtain prima facie evidence that the defendants owed the money, and that “[tjhe notes did not constitute any actual payment or actual satisfaction whatsoever.” Id. at 202 (emphasis added). Obviously, a “judgment” is also a mere paper entry that does not constitute actual payment or satisfaction of the judgment to any degree. Moreover, as previously emphasized, the court’s rationale is clearly attached to the actual payment or satisfaction of the penalty. In addition, the Sanchez-Escareno court noted that the promissory notes anticipated “the need for future legal action.” Id. Manifestly, in most of these types of cases, a judgment would be as likely to require future legal action to effectuate recovery as would promissory notes.
Finally, declaring that “ ‘a civil as well as a criminal sanction constitutes punishment when the sanction as applied in the individual case serves the goal of punishment,’” id. (quoting United States v. Halper, 490 U.S. 435, 448 (1989)) (emphasis added), the Sanchez-Escareno court questions how the “government’s attempt to confirm evidence of debt in a circumstance where the government contemplates the possibility of further court action . . . serves the goal of punishment[.j” Id.
Given the reasoning noted above, it is difficult to understand how the unsatisfied paper judgment entered against Desimone can possibly constitute punishment where there is not the slightest indication through the execution of a promissory note or otherwise that Desimone ever intends to satisfy the judgment. Equally clear is the fact that any attempt by the State to collect the judgment would undoubtedly involve further litigation. Certainly the default judgment entered by the district court has no prospect of serving “the goal of punishment” with respect to Desimone. Indeed, as matters now stand, the judgment has accomplished only Desimone’s release from criminal liability at society’s expense.
The case of Ward v. State, 870 S.W.2d 659 (Tex. Ct. App. 1994), also relied upon by the majority is equally deficient for the proposition cited. Ward, relying on Sanchez-Escareno, concluded that the tax was not a punishment for two reasons. First, “[tjhe State has not sought a judgment . . . and there has been no adjudication by a court.” Id. at 662. Second, the court stated that “in the absence of payment by appellant, the assessment does not *1235 constitute ‘punishment.’ ” Id. The latter reason stated by the court clearly undermines the former. A judgment, standing alone, does not constitute, to any degree “payment.” Moreover, in Ward the defendant actually made an unavailing payment of $250 towards satisfaction of a judgment entered in the amount of $109,546.50. Arguably, the small payment could be viewed as some indication on the part of the defendant that he intended to pay the judgment, a factor not present to any degree in the instant case.
Finally, in citing to Halper, the Ward court completely overlooked the statement in Halper that “in determining whether a particular civil sanction constitutes criminal punishment, it is the purposes actually served by the sanction in question, not the underlying nature of the proceeding giving rise to the sanction, that must be evaluated.” Halper, 490 U.S. at 447 n.7. In the instant case, the purposes actually served by the paper judgment against Desimone were negligible. Given the fact that both Dep’t of Revenue of Montana v. Kurth Ranch, ........U.S......., 114 S. Ct. 1937 (1994) and Halper stand for the proposition that labels attached to statutes, taxes, civil penalties, and fines are not controlling, it seems apparent to me that the mere act of securing a judgment (i.e., transmuting the assessed “tax” into a “judgment”) does not alter or change the fact that the defendant has suffered no punishment. Indeed, under the majority’s ruling, Desimone has succeeded in punishing the government and the society it is formed to protect, while reaping a windfall for himself. I do not subscribe to the view that the Double Jeopardy Clause embraced any such purpose.
For the reasons abbreviated above, I respectfully dissent.