UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

NO. 99-41456

---

CURTIS RAY WARD,
Petitioner - Appellee,

v.

STATE OF TEXAS; ET AL,
Respondents,

STATE OF TEXAS; PHIL BURKHALTER,
Respondents - Appellants.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(G-99-CV-592)

---

January 31, 2001

Before HIGGINBOTHAM and DeMOSS, Circuit Judges, and FISH[*], District Judge.

PER CURIAM:[**]

The State of Texas ("the State") appeals a preliminary injunction issued to Curtis Ray

Ward ("Ward") which prohibits the State, on double jeopardy grounds, from proceeding to trial

on two indictments pending against Ward in a state district court. The appeal present several

issues, but we find it necessary to discuss only one: whether Ward satisfied this circuit's four-part

---

[*]        District Judge of the Northern District of Texas, sitting by designation.

[**]        Pursuant to the 5th Cir. R. 47.5, the court has determined that this opinion should
not be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

test for obtaining preliminary injunctive relief.  Because Ward has not satisfied that test, we vacate the order of injunction and remand for further proceedings.

Factual and Procedural Background

Ward was arrested, and then indicted, in 1992 for (1) possession of more than 50 but less than 200 pounds of marijuana and (2) possession of marijuana on which no controlled substance tax had been paid.  Both charges are currently pending, and Ward is free on bail.  After return of the indictment, the Texas Comptroller of Public Accounts, acting pursuant to Texas Tax Code § 159.101 (Vernon 1992), assessed a tax against Ward of over $109,000 and filed a tax lien against Ward's property.  Ward initially paid the State $250 on the tax owed.  The State returned Ward's payment to him, however, and removed the tax lien.

The State then sought to prosecute Ward on the pending charges, and Ward filed a pretrial *habeas corpus* application in the state court on the theory that the tax assessment was a punishment which precluded further prosecution on double jeopardy grounds.  The state trial court denied relief, and the Court of Appeals affirmed.  See *Ward v. State*, 870 S.W.2d 659 (Tex. App.--Houston [1st Dist.] 1994). The Texas Court of Criminal Appeals denied Ward's petition for review.  The United States Supreme Court, however, vacated the Court of Appeals' judgment, see *Ward v. Texas*, 513 U.S. 1011 (1994), and remanded for further consideration in light of *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767 (1994).

On remand, the Texas Court of Appeals reconsidered its original holding and granted relief.  *Ward v. State*, 915 S.W.2d 941 (Tex. App.--Houston [1st Dist.] 1996).  The Texas Court of Criminal Appeals then reversed, holding that Ward was not entitled to relief because jeopardy had not attached.  See *Ex parte Ward*, 964 S.W.2d 617, 632-33 (Tex. Crim. App.) (*en banc*),

- 2 -

*cert. denied*, 525 U.S. 823 (1998). When Ward's case was set for trial in the state district court, he filed this petition for federal *habeas* relief to enjoin the state prosecution on double jeopardy grounds.

The court below issued a temporary restraining order and referred the matter to a magistrate judge for further consideration. After conducting a hearing, the magistrate judge recommended that the temporary restraining order be converted to a preliminary injunction. The State filed objections to the magistrate judge's report and recommendation, but the district court accepted the recommendation of the magistrate judge to issue a preliminary injunction, resulting in this appeal.

<u>Analysis</u>

We review the entry of a preliminary injunction for abuse of discretion, reviewing underlying issues of law *de novo* and underlying factual determinations for clear error. See *Affiliated Professional Home Health Care Agency v. Shalala*, 164 F.3d 282, 284-85 (5th Cir. 1999).

A preliminary injunction is an extraordinary equitable remedy that may be granted only if Ward establishes all of the following four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that Ward will suffer irreparable injury if the injunction is denied; (3) that the threatened injury to Ward outweighs any damage to the State; (4) that the injunction will not disserve the public interest. See, *e.g.*, *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir. 1999).

The State contends that there was insufficient evidence of a substantial likelihood of success on the merits of Ward's claim, because Ward had not been punished and no jeopardy had

attached when the tax assessment and lien against his property were rescinded and his $250

payment was returned to him. According to the State, Ward's position is no different than that of

the defendants in *United States v. Sanchez-Escareno*, 950 F.2d 193, 201-03 (5th Cir. 1991),

where we held that promissory notes signed by the defendants to pay a civil penalty involving

illegal possession of marijuana did not constitute punishment because the defendants did not pay

the penalties and the government had taken no action to collect on the notes.

Informed by our recent decision in *Doyle v. Johnson*, we agree with the State that

jeopardy did not attach with Ward's partial payment of his tax assessment. See *Doyle v. Johnson*,

__ F.3d __, 2000 WL 1803640 (5th Cir. December 27, 2000). Finding guidance in the decision

of the Texas Court of Criminal Appeals in *Ex parte Ward*, 964 S.W.2d 617 (Tex. Crim. App.),

*cert. denied*, 525 U.S. 823 (1998), *Doyle* stated that "a tax imposed under Section 159.101 of the

Texas Tax Code is punitive in nature and . . . jeopardy attaches when the defendant voluntarily

pays the amount due *in full*." 2000 WL 1803640 at *2 (emphasis added). In the case at bar,

Ward paid only $250 of the more than $109,000 in taxes assessed against him. He has therefore

not shown that he has *previously* been placed in jeopardy, obviously a prerequisite to showing

that this prosecution places him in jeopardy a *second* time.[1] Consequently, he has failed to

demonstrate any -- let alone a *substantial* -- likelihood of succeeding on the merits of his claim

that his rights against double jeopardy, as provided by the Fifth and Fourteenth Amendments,

U.S. Const. Amend. V and XIV, would be violated if he is tried on the two criminal charges

currently pending against him in the state court.

---

[1] The guarantee of the Fifth Amendment is that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V.

- 4 -

Because Ward has not satisfied the first of the four requirements for obtaining a preliminary injunction, it is unnecessary to discuss any of the remaining factors. See *Anderson v. Douglas & Lomason Company*, 835 F.2d 128, 133 (5th Cir. 1988) ("[I]f the movant does not succeed in carrying [his] burden on any one of the four prerequisites, a preliminary injunction may not issue . . . .").

## Conclusion

We conclude that the district court abused its discretion in granting an injunction in this case. Therefore, the preliminary injunction granted by the district court is **VACATED**, and this case is **REMANDED** to that court for a decision on the merits of Ward's petition.[2]

---

[2] It may be that our decision is dispositive of the merits, for the only relief sought in Ward's *habeas* petition is an injunction prohibiting the State from prosecuting him on these indictments. This being an interlocutory appeal, however, we hesitate to state any definite conclusions about merits relief, especially since the district court reserved decision on the important question of limitations. We therefore return the case to the district court for plenary consideration of Ward's claim and the State's defenses to that claim.